## J. R. DEISHER V. A. GEHRE *et al.*

1. CONVERSION—*Waiver of Tort—Counterclaim—Set-off.* When the plaintiff in an action has converted certain property of the defendant's to his own use, the defendant may waive the tort and claim the value of the property converted as a counterclaim, if growing out of the same transaction, or plead it as a set-off and recover on the implied promise.

2. FORCIBLE ENTRY AND DETAINER—*Res Judicata.* A judgment in an action of forcible entry and detainer is not a bar to an after action between the same parties, wherein the issue is not the right to the immediate possession of property, but the value of property alleged to have been converted.

*Error from Shawnee District Court.*

THE case is fully stated in the opinion.

*F. G. Hentig,* for plaintiff in error.

*J. G. Searl,* and *Hazen & Isenhart,* for defendant in error.

Opinion by SIMPSON, C.: Deisher sued Gehre, the principal, and Klauer, the surety, before a justice of the peace, on a written undertaking that reads as follows:

"STATE OF KANSAS, COUNTY OF SHAWNEE, *ss.:*

"Know all men by these presents, that we, Adam Gehre, of the county of Shawnee, state of Kansas, as principal, and Herman A. Klauer, of the same county and state, as surety, are held and firmly bound unto J. R. Deisher, of the same county and state, his heirs and assigns. Dated this 17th day of January, 1887.

"The conditions of the above obligation are such that, whereas, H. S. Clark, a justice of the peace for the city of Topeka, Kansas, Shawnee county, did render a judgment in the case of J. R. Deisher *v.* Adam Gehre, decreeing that the possession of the following premises, to wit: 8 by 30 feet of ground in the southeast corner of lot No. 170, on Eighth street east, in the city of Topeka, Shawnee county, Kansas, should be delivered unto the said J. R. Deisher; and, whereas the said Gehre has applied for and obtained a writ of error to the district court of Shawnee county, Kansas, in said case,

and a stay of execution therein: Now, therefore, if the above bounden, Adam Gehre and his surety, shall not commit or suffer to be committed any waste thereof, and shall pay double the value of the use and occupation of the property from date of this undertaking until its delivery, and all damages and costs that may be awarded against him in case the judgment be affirmed, then this obligation to be in full force and effect; otherwise to be and remain null and void.

"Dated and signed this 17th day of January, 1887.

A. GEHRE.
HERMAN A. KLAUER."

The case was tried and a verdict had before the justice, and an appeal taken to the district court. A jury was waived and the case tried by the court, which made the following written findings of fact and conclusions of law:

### FINDINGS OF FACT.

"1. The undertaking on which this action is founded was duly made and filed in this court January 17, 1887.

"2. The petition in error described in plaintiff's petition was affirmed by this court January 27, 1887.

"3. The defendant retained possession of the premises in question up to and including February 25, 1887.

"4. The rental value of the premises, including land and building thereon, from January 17, 1887, to February 25, 1887, both days inclusive, was $10 per month, or for thirty-six days was $12.

"5. The rental value of the land without the building was $4 per month.

"6. The rental value of the building exclusive of the land was $6 per month for the same time.

"7. The value of the services of plaintiff's attorneys, rendered in the district court in connection with the petition in error described in plaintiff's petition, was $15.

"8. The plaintiff, J. R. Deisher, had leased the ground described in his petition, together with other ground, from C. K. Holliday for a term of years, and Holliday was and is the owner of said ground.

"9. After plaintiff, J. R. Deisher, had leased the ground from Holliday, Deisher entered into a contract with J. Heller, by which Deisher agreed to rent the ground described in plaintiff's petition to Heller for four years, and Heller was to pay him for the use of the ground $4 per month, and have the

privilege of putting up a shop on said ground, and Deisher agreed to pay Heller for his shop the cost price, if he (Heller) at any time wanted to quit the business there.    After Deisher and Heller had made this contract, the rent was reduced by Deisher to $3.50 per month, and when Heller sold to Gehre it was agreed between the parties that Gehre was to pay Deisher the original contract price; they agreed to make a written lease in accordance with the above facts, but it was neglected and never drawn up.

"10. Heller built a shop upon said ground, of the value of $125, and after running a butcher shop there for some months became sick and unable to continue in the business.    Heller then sold out all his interest in said building, together with his butcher shop, to the defendant, Adam Gehre, and Gehre paid the full value of said building.    Deisher was notified by Heller that he (Heller) had sold out to Gehre, and Deisher was satisfied with the sale, but said that Gehre must pay him $4 per month for the use of the ground.    Gehre took possession of said building and built an addition thereto of ten feet, with the knowledge and consent of Deisher, who was doing business at the next door to Gehre.

"11. After Gehre had been doing business for about —— months, and had paid $4 per month for rent, Deisher notified him that he must pay $15 per month, instead of $4.    On the same day that Deisher notified Gehre that he must pay $15 per month, he served upon him a thirty-days' notice to quit the premises.    Deisher did not raise the rent for the purpose of having Gehre pay it, but for the purpose of driving him out.    When the month's rent became due Gehre tendered Deisher $4.    At the end of the second month he tendered him $8 rent, but Deisher refused to receive it, and Gehre never did pay any further rent for the reason last stated.

"12. Deisher commenced an action January 3, 1887, before H. S. Clark, a justice of the peace, to recover possession of said premises against Gehre, of forcible entry and detainer; judgment was rendered for Deisher and against Gehre for possession of said premises January 14, 1887; Gehre attempted to take the case to the district court on error, but on account of irregularity in the proceedings the judgment was affirmed January 24, 1887.

"13. During the time the case was pending and after the affirmance of the judgment in the district court, Gehre desired and offered to remove the building from said premises, but Deisher refused to let him remove it, and he was pre-

vented from so doing by Deisher; after the decision of the case in the district court, Deisher took forcible possession of said building, and immediately opened a butcher shop in it himself.

"14. Gehre has been deprived of the use of said building by Deisher; Deisher continued to occupy said building for a short time, when he sold said building, and has appropriated the money to his own use.

"15. The reasonable value of said building during all of the time since its completion is $125, and it was worth that at the time Deisher took possession thereof; the material in the building for the purpose of taking it off the premises was of the value of $25.

"16. Deisher has never paid Gehre anything for said building, and all of the foregoing facts occurred long prior to the expiration of four years from the time Heller made the contract with Deisher.

"17. Gehre acted in good faith at the time he bought from Heller, and Heller acted in good faith at the time he sold to Gehre, and at the time Gehre bought and went into possession of said building he believed he could stay there for the unexpired time of the four years under which Heller was occupying it; at the time Gehre went into said building, Deisher received and treated him the same as he had Heller; and the evidence in this case shows no excuse for Deisher wanting Gehre out, except to start a butcher shop in the same building himself.

"18. Deisher had no talk with Gehre, or in the presence of Gehre, prior to the sale of Heller to Gehre, and the conditions of the lease between Deisher and Heller were not mentioned by Deisher to Gehre, nor by Heller to Gehre in Deisher's presence.

"19. An execution for the possession of the property and costs mentioned in the bond sued upon in this case was issued on said judgment by the justice of the peace February 25, 1887, and placed in the hands of the constable, and the defendant, Gehre, paid said costs to the constable, but failed and neglected to give up the key to said premises.

"20. The plaintiff, Deisher, purchased a new lock for the door of said building, at an expense of $1.25, to replace lock broken by plaintiff in making entry of the building.

"21. November 10, 1886, the plaintiff served upon the defendant the following notice, to wit:

"'A. Gehre: You are hereby notified to quit the following premises,

to wit: The east 8 by 30 feet of lot 170, on Eighth avenue east, in the city of Topeka, Kansas, now held by you as my tenant thereof, thirty (30) days herefrom.   Nov. 10, 1886.                    J. R. DEISHER.'

"22. December 29, 1886, the plaintiff served upon the defendant the following notice, to wit:

"'To A. Gehre: You are hereby notified and required to forthwith leave the premises hereinafter described, to wit: The 8 by 30 feet of the southeast corner of lot No. 170, on East Eighth street, in the city of Topeka, Shawnee county, Kansas, for the possession of which premises an action is about to be brought by me.   Dec. 29, 1886.
                                           J. R. DEISHER.'"

### CONCLUSIONS OF LAW.

"1. The plaintiff, J. R. Deisher, is entitled to recover from the defendant, Adam Gehre, on account of the bond sued on for rent, double the rental value of said rent as described in conclusion of fact No. 4, to wit, $24.

"2. Inasmuch as the action for forcible entry and detainer commenced before the justice of the peace by plaintiff against defendant, as described in conclusion of fact No. 12, did not determine or settle any controversy between the parties, except the right of possession, and the building situated on said premises was personal property, the plaintiff is liable to the defendant, Adam Gehre, for the value of said building standing on the premises, to wit, $125, and the amount found due to plaintiff on account of rent from Adam Gehre, to wit, $24, be deducted from said sum of $125, and the defendant, Adam Gehre, should have judgment against plaintiff for the balance, to wit, $101.

"3. The plaintiff is not entitled to recover against the defendant on account of attorney's fee for legal services described in conclusion of fact No. 7.

"4. Inasmuch as the plaintiff broke the lock in making an entry of the building, he is not entitled to recover from the defendant for the lock described in conclusion of fact No. 20."

A motion for a new trial was made and overruled, and the case is properly here for review.

I. The first complaint made by the plaintiff in error is that the evidence and finding of the court that this plaintiff in error had taken possession of a building belonging to the defendant in error and converted the same to his own use, is neither a counterclaim nor a set-off under the code, and ought not to have been proved or allowed; that it did not arise out of the contract sued on, nor was it connected with the subject

of the action, and it was not therefore a counterclaim, and it did not arise out of a contract, and it was not therefore a set-off. It is every-day law that when the property of one person is taken possession of and converted to the use of another, the tort can be waived, and an action brought on the implied promise; and while we believe in this particular case that the value of the property belonging to Gehre is a counterclaim, he, relying on the promise implied by the possession and use, might recover if he had brought an independent action; hence we do not deem this to be a reversible error.

II. The next objection is based upon the theory that the judgment in the action for forcible entry and detention is a final determination that the plaintiff in error was entitled to the possession of the lot and building, and that therefore all the evidence and findings of the court of the circumstances under which the building was placed upon the lot were immaterial and irrelevant. We do not understand that the action of forcible entry and detainer is a bar to this defense or counterclaim. Section 106 of the justices' code does not seem to contemplate such a result, and the case of *Waite v. Teeters*, 36 Kas. 604, does not seem to warrant any such conclusion.

III. The last contention of the plaintiff in error is, that if the court is of the opinion that Gehre could waive the tort and use it as a set-off on the theory of an implied contract, then the measure of his claim was not the value of the building where it was, for Gehre had no right to keep it there, but the value of the building taken away, and under the evidence and finding this was $25. This will not do; the court finds that the building was placed on the lot by Heller, under contract with Deisher for four years, and at the expiration of that time, or at any time when Heller wanted to quit the business, Deisher was to pay Heller the actual cost of the building. Gehre, by purchase from Heller, with the acquiescence and recognition of Deisher, succeeded to the rights of Heller. He was entitled to the possession of the unexpired term of Heller—over three years—and actual cost. Deisher would

not let Gehre remove the building. It was not removed; it remained in the possession of Deisher, and was in his daily use, and Gehre was entitled to its value as it stood on the lot at the time of trial.

IV. The plaintiff in error was not entitled to recover the value of the services of his attorney in the trial of the forcible entry and detainer, either in the justice's or the district court. It is not so nominated in the bond, and we are not cited to any authority allowing it.

Believing that substantial justice has been done on the facts presented in the record, we recommend an affirmance of the judgment.

By the Court: It is so ordered.

All the Justices concurring.