## DOUGLAS et al. v. CUTLIP.

No. 16177—Opinion Filed Jan. 12, 1926.

Rehearing Denied May 11, 1926.

1. **Forcible Entry and Detainer — Action Solely Possessory—Rights to Crops and Damages as Rents not Involved.**

An action of forcible entry and detainer for the restitution of a farm is solely a possessory action, and does not necessarily involve the ownership of crops growing or grown upon the premises by the defendant during his occupancy, or the right of plaintiff to recover damages against the principal and sureties on the appeal bond, given to supersede the judgment rendered in the forcible entry and detainer suit, for the rental value of the premises in a separate action thereafter instituted, but the plaintiff's right to recover the rental value is one of fact to be determined by the court in the trial of the action upon the bond.

2. **Appeal and Error — Action on Appeal Bond—Defenses.**

As a general rule in an action upon a contract, such as an appeal bond, whatever, either at law, or by the rules of equity to which courts of law can give effect, operates to discharge or extinguish the claim upon the contract, or bond, is a defense thereto.

3. **Forcible Entry and Detainer — Action on Appeal Bond — Defenses — Mortgage Foreclosure Terminating Plaintiff's Rights.**

In an action against the sureties on an appeal bond given to supersede the judgment in a forcible detainer action for the rental value of the premises involved, from the date of the judgment superseded by reason of the appeal bond to the time of trial of the suit upon the bond, the defendants are entitled to interpose as a defense the fact that a mortgage has been foreclosed on said premises, and the same sold to parties other than the plaintiff in said action, and placed in possession of said premises under a sheriff's deed, as the result of the foreclosure proceeding, which may extinguish the right of the plaintiff to recover damages based upon the rental value for the use and occupation of said land during the pendency of the appeal, for such length of time as the plaintiff may have been deprived of the ownership and possession of the land in controversy by reason of the execution of the sheriff's deed pursuant to the foreclosure proceedings.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pottawatomie County; Hal Johnson, Judge.

Action by T. G. Cutlip against H. T. Douglas and O. A. Baker. Judgment for plaintiff and defendants bring error. Reversed and remanded.

F. H. Reily, for plaintiffs in error.

A. M. Baldwin, for defendant in error.

Opinion by JONES, C. This action was instituted in the district court of Pottawatomie county by defendant in error, as plaintiff, against plaintiffs in error, as defendants, to recover judgment for $616 and cost. The action is based on an appeal bond duly executed by the defendant Douglas and Baker, as sureties, for one Mary Newton.

The facts, as disclosed by the record, show that in September, 1922, the plaintiff, Cutlip, instituted an action in the justice court against Mary Newton, for unlawful detention of 40 acres of land in Pottawatomie county. Upon the trial of that case in the justice court, judgment was rendered for the plaintiff, Cutlip, for the possession of the premises in controversy. The defendant Newton prosecuted an appeal from the judgment of the justice of the peace, and executed the following appeal bond:

"T. G. Cutlip, Plaintiff, Mary Newton, Defendant. No. 8146. Appeal Bond.

"Know all Men by These Presents: That we, Mary Newton, as principal, and O. A. Baker, and H. T. Douglas, as sureties, are held and firmly bound unto T. G. Cutlip in the sum of $300, for the payment of which, well and truly to be made, we bind ourselves, our heirs, executors and administrators.

"The condition of this obligation is such that, whereas, Mary Newton has appealed from a judgment of J. J. Dutton, justice of the peace for the Tecumseh district, in an action for forcible detainer in which said T. G. Cutlip was plaintiff and Mary Newton was defendant.

"Now, Therefore, If Mary Newton as appellant shall not commit or suffer waste to be committed upon the premises in controversy, to wit: The northeast quarter of the southeast quarter of section 14, township 9 north, range 3 east, of the Indian Meridian of Pottawatomie county, and if upon further trial of said cause judgment be rendered against said appellant, she will pay T. G. Cutlip double the value of the use and occupation of said property from the day of this undertaking, to be determined by the court.

and all damages and costs that may be awarded against said Mary Newton, and will prosecute this appeal to effect without unnecessary delay to be adjudged against her in court; then this obligation to be void; otherwise to remain in full force and effect.

"Witness our hands this 5th day of September, A. D. 1922.

"Mary Newton, Principal.
"O. A. Baker,
"H. T. Douglas, Sureties.

"The above bond and sureties approved by me this 6th day of September, A. D. 1922.

"J. J. Dutton, Justice of the Peace."

The principal provision in the bond is that the principal will pay to the plaintiff, Cutlip, "double the value of the use and occupation of said property from the day of this undertaking, to be determined by the court," and this is the measure of damages whereby the plaintiff arrives at the amount sought to be recovered. Upon the trial of this case to the court, judgment was rendered in favor of the plaintiff and against the defendants, Douglas and Baker, for $500, from which judgment this appeal is prosecuted.

Two questions are raised for the determination of this court: First, that the trial court erred in excluding the evidence offered by the defendants in defense of said action. The defendants called as a witness a Mr. Rosebush, who among other things was asked "To whom does it belong?" referring to the tract of land in controversy in the forcible entry and detainer suit. Plaintiff objected to the question on the grounds that it was incompetent, irrelevant and immaterial, and the objection was by the court sustained. The action of the court was excepted to, and the defendants offered to make proof by the witness, then on the stand, that the Tecumseh National Bank was the owner of the property; that it had formerly held a mortgage on said tract of land, and instituted foreclosure proceedings on the 16th day of March, 1922, which cause was pending at the time the forcible detainer suit was instituted, and prosecuted said action to final judgment and secured title to same by sheriff's deed on November 30, 1922; and that said bank had received the rents from same for 1922 and 1923. This offer was objected to by the plaintiff, and the objection sustained by the court, and defendants further offered to make proof of the fact that the foreclosure proceeding by the bank was against one Sprayberry and Mary Newton, principal in the bond herein sued on.

We are inclined to the opinion that the court was in error in sustaining the objection to the evidence offered. Under the terms and conditions of the bond sued on, it indemnifies the plaintiff, Cutlip, against damages by reason of wrongful detention of the property, and the measure of damages would be or is double the rental value of said premises, but the right of plaintiff to recover the rental value of the premises pending the appeal must necessarily depend upon the continued right of possession. If in fact the bank became the owner of the property, and legally obtained possession thereof and received the benefits therefrom, it is obvious that the plaintiff, Cutlip, could not also be entitled to possession and the benefits derived from the premises at one and the same time, and hence we think that defendants should have been permitted to offer this proof, over the general objection made.

Appellee contends that the appeal having been dismissed by the district court and the judgment thereby becoming final, the defense offered would not be a defense against liability on the bond. In his brief, however, we find this statement:

"And no testimony was offered, nor attempt made, to show on trial in the district court, or as shown by the case-made filed by the defendants, that the plaintiff ever sold or disposed of the title to this property to anyone, and the testimony tendered by the defendants to the effect that the Tecumseh National Bank owned the land in question, was not within the issue."

And he further contends that the evidence offered was incompetent because it was in effect a collateral attack on the judgment in the forcible entry and detainer case, apparently admitting that if the plaintiff, Cutlip, had sold or disposed of his title to this property, in such event he would not be entitled to recover damages against the bondsmen for wrongful detention. This we think a correct conclusion, and we are unable to distinguish between the facts as would exist under those conditions and the facts which the defendants were attempting to establish by showing that the Tecumseh National Bank was the owner of and in possession of the land at least the greater portion of the time for which the appellee contends he is entitled to recover damages based on the rental value. If, in fact, the bank became the legal owner and went into peaceable possession of the property, and collected the rents, then we can conceive of no rule of law that would authorize the appellee, Cutlip, to collect same or recover damages in lieu thereof.

Appellants cite the case of Deisher v. Gehre, 45 Kan. 583, 26 Pac. 3, and the case

of Evans, Administrator, v. Deming et al. (Ky. L.) 40 S. W. 676, which we think similar in some respects, and establishes the rule that a judgment in an action of forcible entry and detainer is not a bar in an action such as is here involved, nor does it estop the defendants in this case from establishing a state of facts that would justly relieve them of liability under the terms and conditions of the bond.

In the Deisher Case, supra, the case of Waite v. Teeters, 36 Kan. 604, 14 Pac. 146, is referred to, which we think at least in point by analogy, wherein the court announced in the first paragraph of the syllabus the following rule:

"An action of forcible entry and detainer by a landlord against a tenant for the restitution of the whole or part of a farm does not necessarily involve the ownership of the corn grown by the tenant upon the farm during his occupancy; and a judgment in such action is no bar to an action by the tenant against the landlord for the conversion of such corn. or to any after action brought by either party."

If the tenant may maintain suit in conversion against his landlord, who has obtained a judgment in forcible entry and detainer, for the conversion of crops grown upon the land during the occupancy of the tenant, then certainly the de.endants in this case should be entitled to have adjudicated the rights of this plaintiff to the rental value of this land pending the appeal, and the judgment in the forcible detainer action is not res judicata of this fact and in no wise determines the rights of the plaintiff in this action.

The appellee makes the further contention in his brief that no error was committed by the court in sustaining the objections to the evidence offered. because the answer o. the defendants was a general denial. It is true that it might have been better for defendants to have specifically set up their defense, but the plaintiff's petition contains the following allegations: "And that the de endants herein are liable in damages for the use and occupation for said premises as above stated for the amount of $616," etc.

We think the general denial sufficient to join issue as to liability and would authorize defendants to introduce any evidence which might tend to relieve them of liability under the terms of the bond. Cunningham (2nd Ed.). in a text-book on Forcible Entry and Detainer. on page 272, section 230, entitled "The Defense of the Surety," lays down the following rule:

"* * * In an action upon a contract what-

ever, either at law or by the rules of equity to which courts of law can give effect, operates to discharge or extinguish the claim upon the contract, is a defense thereto. * * *"

Appellants make the further contention that the damages recovered were excessive, but finding that the case should be reversed on the first proposition urged, we deem it unnecessary to enter upon a discussion of the second objection raised. We therefore find that the judgment of the trial court should be reversed, and the case remanded for a new trial in conformity to the rules announced in this opinon.

By the Court: It is so ordered.

Note.—See under (1) 26 C. J. p. 812 § 39; p. 831 § 67 (Anno): p. 882 § 177 (Anno). (2) 9 C. J. p. 84 § 148.   (3) 26 C. J. p. 881 §177 (Anno).