## NORTHWESTERN STATE BANK OF HAY SPRINGS, APPELLANT, v. DeWITT C. HANKS ET AL., APPELLEES.

FILED MAY 3, 1929. No. 26559.

*E. D. Crites* and *F. A. Crites,* for appellant.

*A. C. Plantz, contra.*

Heard before GOSS, C. J., DEAN, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

DEAN, J.

This is an action in forcible detention commenced in the county court for Dawes county by the Northwestern State Bank of Hay Springs, plaintiff, against DeWitt C. Hanks and Lydia J. Hanks, his wife, defendants. The plaintiff bank prevailed and, on appeal by defendants to the district

court, the action was dismissed on the ground, as stated, that the county court was without jurisdiction of the action from the fact that the title to real estate was drawn in question, and that, on appeal, on the same grounds, the district court was also without jurisdiction. The bank appealed.

The following material evidence appears in the record: The, defendants were the owners and in possession of 600 acres of land in Dawes county, and the bank held an unsecured claim against the defendants for $1,000, or about that sum. In consideration of a proposed cancelation of the above indebtedness, and the assumption by the bank of certain other debts owing to other parties by defendants, Hanks and his wife executed and delivered to the bank a deed of conveyance of the above mentioned land. Defendants, in turn, received from the bank a lease of the above named premises for one year with an option to repurchase the land within a year at a price then to be agreed upon by the parties.

In their answer, the defendants allege that "the only interest of the plaintiff in said premises or any part thereof is as a mortgagee by virtue of a certain warranty deed and defeasance in writing executed by these defendants to said plaintiff on or about February 23, 1926, * * * as security for the debt of these defendants due said plaintiff and to further secure advancements to be made by said plaintiff in paying certain specified debts of the defendants due to other persons."

Defendant Hanks testified that at the time the lease and deed were drawn he understood the deed was the same as a mortgage on the property. He testified in respect of certain alleged representations made by J. H. Denman, the bank's cashier, when the deal was consummated: "Well, he (Denman) said it was just the same as a mortgage, only I had a right to sell the place, and he wanted me to get something out of the place; he said it wasn't no deed, but was just the same as a mortgage, only I had the exclusive right to sell the place;" that he read the deed and lease over and that the lease was made out in duplicate; that the deed

was to secure "what they paid until I sold the land;" that the bank "never said a word about buying the land," and he considered the land was always his, and that at all times material to this inquiry the deed was represented to him as a mortgage. To substantially the same effect is the evidence of Mrs. Hanks.

Cashier Denman testified: "Q. Now, Mr. Denman, did you hear the testimony of the witnesses who appeared on the witness-stand in this case? A. Most of it. Some of it I didn't understand exactly. Q. Did you hear Mr. and Mrs. Hanks testify, in substance, that you told them that this deed and lease were the same as a mortgage, or anything of that kind? A. Yes; I heard that testimony. Q. State what the facts are in regard to that. A. Well, there was absolutely no truth in that statement. There was nothing said about any mortgage, or any comeback. It was to be an absolute deed."

Where the particular interests of contesting parties in certain described real estate is the question presented by the pleadings and the proofs, and not the mere right of possession, the action of forcible entry and detainer will not lie. *Grohousky v. Long*, 20 Neb. 362. In an opinion in a like case it is said: "If it should appear from the evidence that the question involved was one of title and not for possession of the premises alone, the case should be dismissed.". *Lipp v. Hunt*, 25 Neb. 91, citing *Pettit v. Black*, 13 Neb. 142. And in *Stone v. Blanchard*, 87 Neb. 1, we held that, while the title to land, which is sought to be recovered in a forcible detention case, is drawn in question in the county court, the district court, on appeal therefrom, is without jurisdiction to hear and to determine the controversy and, in such case, the action stands for dismissal. In *Sanders v. Ayres*, 63 Neb. 271, in an opinion by Sullivan, J., we held to the following proposition: "Whether a deed absolute on its face is a sale or a mortgage depends upon the intention of the parties, and such intention is to be gathered from their declarations and conduct, as well as from the papers which they subscribed."

On appeal of a case to this court, we are mindful of the fact that the district court saw and heard the witnesses and therefore has had better opportunity to observe their demeanor and their means of discovering the facts to which they testify, and their apparent probity, or the lack of it, than has a reviewing court. We do not, however, express an opinion in respect of the merits of the controversy as to title.

Upon an examination of the entire record, we conclude that the judgment of the district court is right, and that it must be and hereby is

AFFIRMED.

Note—See Forcible Entry and Detainer, 26 C. J. 812 n. 52; 11 R. C. L. 1157.