HARRY H. ASHBROOK, APPELLANT, V. MARGUERITE BRINER ET AL., APPELLEES.

288 N. W. 374

FILED NOVEMBER 10, 1939.   No. 30655.

*Schnurr & Mumby* and *F. J. Reed,* for appellant.

*G. H. Seig, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE and MESSMORE, JJ., and CHAPPELL and KROGER, District Judges.

KROGER, District Judge.

This is an action to quiet title to 1,600 acres of land in Sioux county, Nebraska, and from an order dismissing plaintiff's action against two of the defendants, this appeal is prosecuted.

The record discloses the following facts: On March 20, 1925, Burwell R. Price was the owner of the real estate in question and on said date executed and delivered to his father, James W. Price, a warranty deed conveying said real estate to said James W. Price. On the same date, and as a part of the same transaction, a defeasance contract was executed and acknowledged by the same parties, wherein it was stated that the conveyance was as security for a loan of $7,000, which was to be due and payable in five years, with interest at 6 per cent., and that upon the payment of said loan said James W. Price was to reconvey said premises to Burwell R. Price, or to any other person whom he might, in writing, designate.

The loan of $7,000 had not been repaid when, on December 12, 1933, James W. Price died testate, a resident of Jefferson county, Iowa. Burwell R. Price, however, had retained possession of the real estate, had collected the income therefrom and paid the taxes thereon, and had paid the interest on the loan to the father up to the time of his death. James W. Price left surviving him his widow, Mary A. Price, and two sons, Burwell R. Price and B. Elroy Price. By the terms of his will certain real estate and all personal property, excepting some bank stock, were given to Mary A. Price as her absolute property, and the income of the bank stock and other real estate were given to her for life. The will further provided that upon the death of Mary A. Price all property, both real and personal, should be divided into two equal shares, one of which was to go to Burwell R. Price absolutely, and the other share to Burwell R. Price, as trustee for the benefit of B. Elroy Price and the children of B. Elroy Price. This trust was in the nature of a spendthrift trust and resulted from the fact that Ella G. Price, the wife of B. Elroy Price, had obtained a divorce and an alimony judgment, and the will provided that the trust should continue until the alimony judgment was released, or until the death of Ella G. Price, or until the death of B. Elroy Price, whichever should first occur. In the event of the release of the alimony judgment

or the death of Ella G. Price, then the trust was to terminate and the proceeds turned over to B. Elroy Price to be his absolute. In the event, however, that B. Elroy Price, should die before either of the other contingencies happened, then the proceeds of the trust fund were to be paid to the children of B. Elroy Price, who are Helen Mona Price and Dorothy A. Guinotte.

On January 8, 1934, an inventory of the assets of the estate of James W. Price was filed in the probate court of Jefferson county, Iowa, wherein the conveyance and contract between Burwell R. Price and James W. Price were listed as personal property.

On November 15, 1934, Burwell R. Price entered into a written contract for the sale of the land in controversy to Harry H. Ashbrook, plaintiff in this action, and on February 6, 1935, executed and delivered a warranty deed to said premises in favor of plaintiff.

On January 12, 1935, a petition was filed in the county court of Sioux county, Nebraska, by Mary A. Price and Burwell R. Price, as executors of the estate of James W. Price, praying that said will be admitted to probate as a foreign will, and thereafter said instrument was duly admitted to probate as a foreign will and probate proceedings were completed.

On January 2, 1936, plaintiff filed his original petition in this action, and on July 14, 1936, filed his amended petition on which the case was tried. Ella G. Price, former wife of B. Elroy Price, and his children, Helen Mona Price, Dorothy A. Guinotte, and Joseph Guinotte, husband of Dorothy A. Guinotte, were the only defendants to appear and contest plaintiff's action. All other defendants defaulted.

The trial court found that Ella G. Price had no interest in said real estate and title was quieted as against her and all other defendants, excepting Helen Mona Price and Dorothy A. Guinotte, and as against their contingent interest plaintiff's action was dismissed.

It is the theory of the plaintiff that the conveyance of

March 20, 1925, was a mortgage in fact, and that legal title to the premises did not pass to James W. Price by such conveyance, and that Burwell R. Price was still the owner of the legal title to said premises, which title was conveyed to the plaintiff by the deed executed and delivered February 6, 1935; that the interest of James W. Price in said premises was a chattel interest, or personal property, and that upon his death it became the absolute property of Mary A. Price, his widow.

It is the contention of the defendants that the conveyance of March 20, 1925, did pass the legal title to James W. Price, and that upon his death title passed to his devisees under the provisions of his will.

Defendants further contend that the only interest which Burwell R. Price had in the premises after the execution of the deed of March 20, 1925, was the right of redemption, and that he waived this right of redemption when he petitioned to have the will of James W. Price admitted to probate in Sioux county as a foreign will; and that in consequence of such waiver the defendants, Helen Mona Price and Dorothy A. Guinotte, have a contingent interest in said premises by reason of the trust created for the portion of the estate going to their father, B. Elroy Price.

This court is committed to the rule that, where a warranty deed is executed and delivered for the purpose of securing an indebtedness owing from the grantor to the grantee, the legal title passes to the grantee and the only interest retained by the grantor is the right of redemption. *Northwestern State Bank v. Hanks,* 122 Neb. 262, 240 N. W. 281.

Where, however, a deed, absolute in form, is given as security for the payment of money, and is accompanied by a defeasance in writing, it has been held to constitute a mere mortgage and the grantor retains all the rights of a mortgagor. *Connolly v. Giddings,* 24 Neb. 131, 37 N. W. 939.

Here we have two instruments executed as a part of the same transaction, to wit, a warranty deed and a contract

of defeasance, and it has been held that, where two instruments are made at the same time with reference to the same transaction and to effectuate the same purpose, they will be construed together to the same extent as though made in one instrument. *Standard Oil Co. v. O'Hare*, 126 Neb. 11, 252 N. W. 398.

It is a well-settled principle that a court of equity will consider the substance and not the form, and that the particular form or words of a conveyance are unimportant if the intention of the parties can be ascertained.

In this state the usual form of mortgage differs but slightly from the wording of the two instruments executed in this case, if the same are construed together and treated as one instrument; and so construing them, it is apparent that the parties intended the conveyance as a mortgage and not as a transfer of the legal title with the right of redemption.

Particularly is this true in view of the provisions of section 76-228, Comp. St. 1929, where we read as follows: "Every deed conveying real estate, which, by any other instrument in writing, shall appear to have been intended only as a security in the nature of a mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage; and the person for whose benefit such deed shall be made shall not derive any advantage from the recording thereof, unless every writing operating as a defeasance of the same, or explanatory of its being designed to have the effect only of a mortgage, or conditional deed, be also recorded therewith and at the same time."

In the instant case there was such other instrument in writing which clearly shows that the conveyance was intended only as security in the nature of a mortgage, and James W. Price, when he recorded the deed, did not record the defeasance contract. If we were to hold that the deed conveyed the legal title, we would be, in effect, ignoring the above provision of the statute, which states that, under the circumstances existing in this case, "though it be an absolute conveyance in terms, shall be considered as a

mortgage;" and giving James W. Price an advantage from the recording thereof in violation of the statute just quoted.

In view of the conclusion arrived at, it is unnecessary to consider the defense that Burwell R. Price, by his act in having his father's will admitted to probate as a foreign will, waived his right of redemption. In passing, it may be said that the record does not indicate any intention to make such a waiver. A contract for the sale of the land in controversy was entered into some months before the petition to probate the will was filed, and less than a month after the filing of the petition a deed was executed and delivered to the plaintiff. Whether the filing of the petition for probate was due to the forgetfulness of the attorney for the estate, as he testified, or whether it was done with the thought that the title could be perfected in that manner, is immaterial, as, in any event, it does not show a clear intention to waive any interest which Burwell R. Price had in the premises.

We therefore hold that the deed and defeasance contract executed March 20, 1925, are to be construed together and, when so construed together, they constitute a mortgage given as security for the payment of a debt, and that the legal title did not pass to James W. Price; since the interest which James W. Price had was that of a mortgagee, it was a chattel interest and passed under his will as personal property and, as a consequence, Helen Mona Price and Dorothy A. Guinotte have no interest therein and the trial court erred in dismissing plaintiff's action as to them.

The judgment of the trial court is reversed and the cause remanded to enter decree in accordance with this opinion.

REVERSED.