LYDIA J. HANKS ET AL., APPELLEES, V. NORTHWESTERN STATE BANK OF HAY SPRINGS ET AL., APPELLANTS.

9 N. W. (2d) 175

FILED APRIL 9, 1943. No. 31490.

*Edwin D. Crites,* for appellants.

*A. C. Plantz, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

WENKE, J.

This action was commenced on March 16, 1932, in the district court for Sheridan county by DeWitt C. Hanks and Lydia J. Hanks, as plaintiffs, against the Northwestern State Bank of Hay Springs, Nebraska, and the United States Fidelity and Guaranty Company of Baltimore, Maryland, both corporations, as defendants, for the purpose of recovering damages in the sum of $2,000 occasioned by the bank's unlawful eviction of the plaintiffs from a certain tract of 600 acres of land, more or less, located in Dawes county and for damages in the sum of $3,000 occasioned by the bank's unlawfully retaining possession thereof for the years of 1927, 1928, 1929, 1930, and 1931, without any right to the possession thereof. Defendants filed their answer, including a general denial, and upon the reply thereto by the plaintiffs the issues were made and tried to the court. From a judgment entered in favor of the plaintiffs and against the defendant bank for $3,000, being the rental value of the lands for the years 1927, 1928, 1929, 1930, and 1931, in the sum of $600 a year, and against the defendant surety company for the sum of $2,000, being the principal amount of the bond, both defendants have appealed to this court.

Phases of this litigation have been before this court on two previous occasions:

*Northwestern State Bank v. Hanks,* 118 Neb. 442, 225 N. W. 119, was an action of forcible entry and detainer com-

menced by the bank in the county court of Dawes county to recover possession of the lands aforesaid. From a finding of the county court in favor of the bank, the defendants, the Hankses, took an appeal to the district court for Dawes county and upon this appeal the bank, in order to gain possession of the lands during the pendency thereof, gave a restitution bond in the sum of $2,000 with the defendant surety company as surety and went into possession of the land. In the district court the action was dismissed for the reason that the question of title had been drawn in issue and therefore the county court was without jurisdiction. On appeal to this court the judgment of the district court was affirmed.

*Northwestern State Bank v. Hanks*, 122 Neb. 262, 240 N. W. 281, was an action commenced in the district court for Dawes county by the bank seeking to quiet its title to these same lands against the Hankses. Upon trial thereof the district court determined that the deed given to the bank by the Hankses was for the purpose of securing the indebtedness owing and ordered a strict foreclosure thereof. Upon appeal to this court the judgment of the lower court was affirmed with the exception that the defendants' time for the purpose of redemption was extended.

During the pendency of this action DeWitt C. Hanks died and by stipulation of the parties the action was revived in his wife and children and all of these parties will be referred to hereinafter as plaintiffs, the Northwestern State Bank of Hay Springs as the bank, and the United States Fidelity and Guaranty Company of Baltimore, Maryland, as the surety, and DeWitt C. Hanks and Lydia J. Hanks as the Hankses.

It is by reason of the bond for writ of restitution notwithstanding appeal given in the forcible entry and detainer action upon which the surety company became surety that it is a party defendant, which bond is in the principal sum of $2,000 and which provides "that if the said Northwestern State Bank of Hay Springs, Nebraska, shall well and truly pay to the said DeWitt C. Hanks and Lydia

Hanks, should final judgment be rendered against it the said Northwestern State Bank of Hay Springs, Nebraska, on appeal, his costs and all damages which the said DeWitt C. Hanks and Lydia Hanks may have sustained by reason of the execution of said judgment, then this obligation to be void, otherwise to be and remain in full force and effect."

On February 23, 1926, the Hankses were the owners of the lands here involved which were being foreclosed, they were being sued by the bank on a note, and were indebted to others. It was then agreed that the bank would take up all these debts for the Hankses, which it did, and in consideration thereof the deed and agreement, called a lease, were entered into. These instruments provided that the bank was to have the possession of the lands, the Hankses to have a lease thereto from March 1, 1926, to the last day of February, 1927, the consideration for which was their payment of the 1926 taxes, and granted to the Hankses an option to redeem by paying all of these debts with interest to the bank by the last day of February, 1927, and that if they did so the bank was to reconvey the premises to them, but if the option was not exercised then the Hankses agreed to peaceably vacate the premises without notice on the last day of February, 1927. Both the deed and the lease were signed, witnessed, and acknowledged as by statute required for the conveyance of real estate. Although no redemption was made, the Hankses failed to vacate the premises on the last day of February, 1927. Shortly thereafter and on March 14, 1927, the bank commenced an action to gain possession of the lands and went into possession thereof under a writ of restitution issued pursuant to the bond given therein. This action was, on appeal, dismissed for want of jurisdiction and on appeal to this court that decision was affirmed, *Northwestern State Bank v. Hanks, supra;* however, the bank has remained in possession at all times since then and was in possession for the years of 1927 to 1931, inclusive.

While this action was commenced to recover damages for $2,000 because of the Hankses unlawful eviction from the

premises and for $3,000 for the unlawful detention of the premises for the years of 1927 to 1931, inclusive, and the findings of the lower court were generally for the plaintiffs, however, there was no evidence introduced to show any damage to the Hankses by reason of their eviction from the premises nor were there any findings by the court to that effect but only for the rental values for the years for which damages have been sought for unlawful detention. Since the plaintiffs have taken no cross-appeal from these findings and the judgment thereon, the only matter for consideration is whether or not the record will sustain a judgment for damages for unlawful detention.

Since neither of the cases of *Northwestern State Bank v. Hanks, supra,* have ever determined the question as to who was entitled to the possession of the lands during the years from 1927 to 1931, inclusive, that is the first question here for determination under the defendants' general denial, for without the right of possession the plaintiffs cannot be damaged for the unlawful detention thereof. The case of *Douglas v. Cutlip,* 118 Okla. 21, 246 Pac. 392, was an action against the sureties on an appeal bond given by the defendant on an appeal from a judgment for the plaintiff in a forcible entry and detainer action wherein the appeal was subsequently dismissed. The court in passing on the question of the admissibility of evidence to show that during the period of time for which the plaintiff sought damages for the unlawful detention of the premises the plaintiff had lost the right of possession to a third party, said: "We are inclined to the opinion that the court was in error in sustaining the objection to the evidence offered. Under the terms and conditions of the bond sued on, it indemnifies the plaintiff, Cutlip, against damages by reason of wrongful detention of the property, and the measure of damages would be or is double the rental value of said premises, but the right of plaintiff to recover the rental value of the premises pending the appeal must necessarily depend upon the continued right of possession. If in fact the bank became the owner of the property, and legally obtained possession thereof and

received the benefits therefrom, it is obvious that the plaintiff, Cutlip, could not also be entitled to possession and the benefits derived from the premises at one and the same time, and hence we think that defendants should have been permitted to offer this proof, over the general objection made." Also in the case of *Paxton v. Deardon*, 94 Utah, 149, 76 Pac. (2d) 561, which was a suit by Paxton against Deardon and his surety on an appeal bond given in a forcible entry action wherein the defendant Deardon was found guilty of forcible entry and which, on appeal, was affirmed but which did not determine the right of possession, the court held: "We think the question of who had the right of possession on the 29th day of April, 1934, as between the Paxtons and the Deardons, not only could be but, as a proper defense, was required to be raised in this case. The theory of plaintiffs in this suit is that they had the right of possession and that defendant Deardon withheld it and that they are entitled to damages for such withholding. If it never was before decided who had the right of possession, the only way to meet their claim was to show that they did not have the right of possession but that Deardon did. Since the right of plaintiffs to recover against the surety depends upon their proving that they had the right of possession as against its principal and that the latter withheld such possession and that they were damaged thereby, both Deardon, the principal, and the bondsman could defend on the issue that plaintiffs had no such right of possession. This issue is the very heart of this suit."

We think the question of who had the right of possession to the premises as between the Hankses and the bank for the years of 1927 to 1931, inclusive, was raised by the general denial of the defendants and a proper defense in this type of action. The theory of the plaintiffs in this action is that they had the right of possession and that the bank unlawfully withheld it and because thereof they were entitled to damages. Since it has never before been decided in either of the cases of the *Northwestern State Bank v. Hanks, supra,* as to who had the right of possession, the

only way to meet that claim was to show that they did not have the right of possession thereto but that it was in the bank. Since the right of the plaintiffs to recover against the surety depends upon their proving that they had the right of possession as against the bank and that the latter withheld such possession and they were damaged thereby, both the bank and the surety could defend on the issue that plaintiffs had no such right of possession.

The contract out of which this action originated consisted of more than one instrument but all of which were entered into and executed by the Hankses, as husband and wife, and the bank at the same time and as part of the same transaction on the 23d day of February, 1926, and must therefore be construed together as stated in *Ashbrook v. Briner*, 137 Neb. 104, 288 N. W. 374: "Here we have two instruments executed as a part of the same transaction, to wit, a warranty deed and a contract of defeasance, and it has been held that, where two instruments are made at the same time with reference to the same transaction and to effectuate the same purpose, they will be construed together to the same extent as though made in one instrument."

A careful examination of the deed and lease entered into on February 23, 1926, discloses that the premises were conveyed to the bank with possession, a lease taken back for a period of one year to the last day of February, 1927, in consideration of the payment of the taxes assessed for the year 1926 and with an option to have a reconveyance thereof during the term of the lease by a repayment of all sums therein set forth with interest. This deed was in *Northwestern State Bank v. Hanks, supra,* held to have been given as security for these debts, and where a warranty deed is executed and delivered for the purpose of securing an indebtedness owing from the grantor to the grantee, the legal title passes to the grantee and the only interest retained by the grantor is the right of redemption. Section 76-228, Comp. St. 1929, provides in part as follows: "Every deed conveying real estate, which, by any other instrument in writing, shall appear to have been intended only as security

in the nature of a mortgage, though it be an absolute conveyance in terms, shall be considered as a mortgage," and section 76-235, Comp. St. 1929, provides: "In the absence of stipulations to the contrary, the mortgagor of real estate retains the legal title and right of possession thereof." However, in the case of *Penn Mutual Life Ins. Co. v. Katz*, 139 Neb. 501, 297 N. W. 899, we held: "An assignment of possession and rents by the mortgagor to the mortgagee, effective upon default and given as consideration for an extension of a mortgage then in default, is not against the public policy of this state and is valid and enforceable." And as set forth in 41 C. J. 610: "It is competent for the parties to a mortgage to make an arrangement as to the possession or the right of possession of the premises other than that which the law would determine in the absence of an agreement, and this may be done by a separate instrument given at the same time with the mortgage, although not referred to in the mortgage." And also in *Felino v. Newcomb Lumber Co.*, 64 Neb. 335, 89 N. W. 755: "A provision in a real estate mortgage that, in case of a default in the payment of the debt thereby secured, the mortgagee shall be entitled to the immediate possession of the premises, is valid as to the parties and subsequent purchasers and incumbrancers chargeable with notice."

The plaintiffs cite those cases including *Chadron Loan & Bldg. Ass'n v. Smith*, 58 Neb. 469, 78 N. W. 938, wherein we have held: "The remedy of appointment of a receiver to take charge of the property in certain contingencies in an action of foreclosure of a real estate mortgage is not applicable where the mortgaged property is the homestead of the mortgagor, direct defendant in the suit," and claims that to allow the bank the benefit of possession here is an indirect way of avoiding the above holdings of this court. The above rule is applicable to the court's appointment of a receiver and not to a written agreement of the parties. It is provided in section 40-104, Comp. St. 1929, as follows: "The homestead of a married person cannot be conveyed or incumbered unless the instrument by which it is conveyed

or incumbered is executed and acknowledged by both husband and wife." The instruments here in question are executed and acknowledged by both husband and wife in accordance with the statute and we see no reason why they should not be enforced.

There is considerable evidence in the record that prior to the last day of February, 1927, the cashier of the bank agreed that the option as to the redemption might be had upon terms other than those provided in the written instrument and that the Hankses offered the bank a contract signed by a purchaser in accordance with these changed terms but which the bank refused to accept. Presumably this was for the purpose of showing that the Hankses were not in default as to redemption and therefore not under obligation to vacate the premises as in the agreement provided. However, in the action of the bank to quiet title there was a decree entered on October 20, 1930, which on appeal was affirmed by this court in *Northwestern State Bank v. Hanks, supra,* wherein as to this same agreement had between the same parties it was held "that under the contracts in suit defendants Hanks agreed to repay all of said items or became obligated so to do, with interest at the rate of 10 per cent. per annum from the date of said note to said bank as to said note, and at the same rate from the date of the advancement and payment of said several items by said bank for the account of the said defendants Hanks as to the remainder of said items; that the said defendants Hanks have never made repayment of any of said items, either principal or interest, but on the contrary have at all times been in default thereunder." This action being between the same parties, or their privies, and the foregoing findings being a determination of these same facts is under the holdings in *Shepard v. City of Friend,* 141 Neb. 866, 5 N. W. (2d) 108, wherein we held: "Under the doctrine of *res adjudicata,* when a question of fact is once determined on the merits, that question is settled, so far as the litigants and those in privity are concerned. Such question when decided cannot be relitigated between the same parties,"

*res adjudicata* as to the default of the Hankses under the terms of the agreement and therefore their right to the possession of the premises by reason of the one-year lease ended on the last day of February, 1927, and the bank, by the terms of the agreement, was then entitled to the possession thereof.

While other contentions of the defendants are not without merit, however, under the holdings herein we do not find it necessary to discuss them. Undoubtedly the Hankses would have been entitled to an accounting of the rents and profits in the strict foreclosure action in determining the amount due or upon application to redeem within the time fixed by either the district or this court in determining the amount required therefor but in this action for damages for the unlawful detention of these premises the first requirement is that the parties seeking damages therefor show that they are entitled to the right of possession thereof during the time for which they seek damages and upon their failure to do so their claim must fail. We have reached the conclusion that the Hankses were not entitled to the possession of the premises for the years of 1927 and 1931, inclusive, but by the agreement of February 23, 1926, the right of possession thereto having been granted to the bank the judgment of the lower court was in error and the plaintiffs' claim for damages for the unlawful detention should have been denied at plaintiffs' costs.

REVERSED.