STATE EX REL. WALTER R. JOHNSON, ATTORNEY GENERAL, ET AL., APPELLANTS, V. REX HASH ET AL., APPELLEES.

16 N. W. 2d 734

FILED DECEMBER 15, 1944. No. 31886.

*Andrew D. Mapes, Walter R. Johnson, Attorney General, H. Emerson Kokjer and Rush C. Clarke,* for appellant.

*Frederick M. Deutsch, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

CARTER, J.

This is an appeal by the state from a decree entered upon

the mandate of this court issued upon a judgment obtained in a former appeal in the same case. The appellee cross-appeals, claiming that the decree entered exceeds the scope of the controlling statute and the mandate of this court.

In the former appeal this court determined that the premises in question were being operated by the defendants contrary to the provisions of the Liquor Control Act and constituted a common nuisance as defined by the provisions of that act. This court then said: "But where, as here, the main business of the defendants contravenes the law of the state and the legitimate business of the place is either a sham or a minor part of the whole, the only adequate remedy consists of an abatement of the nuisance by closing the place by injunctive process in the manner prescribed by the legislature.

"We conclude therefore that the trial court was in error in failing to enjoin the operation of the roadhouse described in the petition, pursuant to the prayer thereof. The cause is therefore reversed with directions to the trial court to abate the nuisance, pursuant to the provisions of section 53-377, Comp. St. Supp. 1941." *State ex rel. Johnson v. Hash,* 144 Neb. 495, 13 N. W. 2d 716.

The pertinent part of the mandate issued upon the final determination of the issues presented in the former appeal is: " * * * it was considered by said Court a certified copy of the opinion of the court being hereto attached and made a part hereof, that the judgment rendered by you be reversed at the costs of said defendants taxed at $131.60 and the cause remanded with directions to abate the nuisance, pursuant to the provisions of Section 53-377, Comp. St. Supp. 1941."

The pertinent part of the judgment entered on the mandate is: " * * * that the defendants Rex Hash and Bertha Hash be and they are hereby perpetually enjoined from permitting or suffering upon the following described premises, to-wit: * * * each of the following acts: sale, possession or consumption of intoxicating liquor; spiking, selling or using set-ups or mixes; permitting the place to become

a resort for people to become intoxicated, noisy, profane, or vulgar; the presence of persons of vulgar, dissolute, and roistering habits to congregate on the premises or to engage in such activities thereon; maintaining, operating, permitting or suffering to be operated on said premises any slot machine or other gambling device, and from permitting or suffering gambling in any form upon said premises, to all of which plaintiff excepts. * * * that the buildings upon said above-described premises, described in the petition, shall be closed and padlocked for a period of one year * * *."

It is the contention of the attorney general that the mandate calls for the enjoining of the business as a common nuisance and the padlocking of the buildings upon the premises used in maintaining such nuisance agreeable to the provisions of section 53-377, Comp. St. Supp. 1941, now section 53-199, R. S. 1943. Appellee contends that the trial court is limited by the strict language of the mandate and that the decree entered exceeds its scope.

It will be noted that the mandate makes the opinion of the court a part thereof by reference. Under such circumstances, the opinion of the court can properly be examined in determining the nature and terms of the judgment to be entered or action to be taken. This seems to be the rule where the opinion is made a part of the mandate or where the remand is with directions to enter a decree in conformity with the views "herein expressed" or "in accordance with the opinion." In *Muhlke v. Muhlke*, 285 Ill. 325, 120 N. E. 770, a case similar in principle to the one at bar, it was said: "In construing the mandate or in determining what was decided by the reviewing court and what was ordered done the opinion of the court may be examined and consulted, where the remand is stated to be with directions to enter a decree in conformity with the views 'herein expressed.' (4 Corpus Juris, 1212; *West v. Brashear*, 39 U. S. 51.) As the mandate of this court in this case is only in the same general language of the opinion in its directions to the lower court, we must look solely to the opinion to determine the questions now before us." See, also, 5 C. J. S., p. 1494 *et seq*.

It is evident from an examination of the former opinion in this case that this court determined that the operation of the business of the defendants on the property described in the petition constituted a common nuisance within the meaning of the Liquor Control Act. The opinion expressly provided that "the only adequate remedy consists of an abatement of the nuisance by closing the place by injunctive process in the manner prescribed by the legislature." The enjoining of specific acts by the defendants does not meet the requirements of the opinion. This conclusion is supported by the reasoning in *State ex rel. Towle v. Eyen*, 130 Neb. 416, 264 N. W. 901, wherein it was said: "If the powers of the court in cases such as this are required to be limited to such an extent as to enjoin only the appellant from allowing misbehavior, vulgarity and profanity in and about his place of business, such a limitation would have the effect of rendering the exercise of such powers useless to prevent the mischief that was the cause of the injury. In a situation as shown by this record, if the evidence so justifies, the court may enjoin the operation of the business so as to prevent the injury and damage to the community committed by persons whose conduct and behavior are beyond the control of the appellant."

We are of the opinion that the trial court, under the mandate issued, is required to abate the nuisance by permanently enjoining the operation of the business found to constitute the nuisance. In addition thereto the trial court is required, by section 53-199, R. S. 1943, to order the building used in furtherance of the business closed and padlocked for not less than three months nor more than two years and until certain other conditions contained in the statute are met. The trial court in its decree ordered the building closed and padlocked for a period of one year and thereafter until the requirements of the statute were complied with. The defendants contend that the period of one year is excessive. We have examined the record and find no abuse of discretion on the part of the trial court in its disposition of this phase of the case.

The contention, that the action of the trial court in allegedly going beyond the scope of the mandate in entering its decree amounted to a confiscation of defendants' property without affording due process of law and without compensating therefor, is without merit. The trial court did not exceed the scope of the opinion and consequently it did not exceed the express terms of the mandate of which the court's opinion is a part. In fact, the trial court did not go as far as the mandate directed. The defendants have had their day in court on every issue raised by the parties to the litigation. Due process of law, meeting all constitutional requirements, has been afforded these defendants.

The judgment is reversed and the cause remanded with directions to enter a decree abating the nuisance by permanently enjoining the defendants from operating the business held to constitute a common nuisance under the Liquor Control Act and by entering a further order that the building in which the nuisance was furthered and maintained be closed and padlocked for a period of one year, and thereafter until the defendants, the owners thereof, shall give bond with sufficient surety to be approved by the court, in the penal sum of not less than $1,000 payable to the state and conditioned as required by law, and that during said period of one year defendants shall not enter upon said premises except for the purposes of making necessary repairs.

REVERSED, WITH DIRECTIONS.