HAROLD W. GLISSMANN, APPELLEE, v. F. H. BAUERMEISTER ET AL., APPELLEES. IMPLEADED WITH EDMOND H. ORCHARD, APPELLANT, CONSOLIDATED WITH HAROLD W. GLISSMANN, APPELLEE, v. F. H. BAUERMEISTER ET AL., APPELLEES. IMPLEADED WITH SERENA E. GRABOW, APPELLANT.

30 N. W. 2d 649

Filed January 9, 1948. Nos. 32261, 32280.

*Gray & Brumbaugh,* for appellant Serena E. Grabow.

*S. L. Winters* and *Oscar T. Doerr,* for appellees.

*Edmond H. Orchard,* pro se.

*Henry C. Glissmann,* pro se.

Heard before SIMMONS, C. J., PAINE, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ., and KROGER, District Judge.

YEAGER, J.

The subject matter of the appeals herein and the parties to this action have been before this court on several previous occasions. A detailed history of the litigation appears in the opinion in Glissmann v. Bauermeister, 146 Neb. 197, 19 N. W. 2d 43. This history will not be repeated herein except to the extent that it is necessary in the ascertainment and determination of the issues properly presented and the disposition of matters, as will appear herein, already litigated and disposed of in this court and in the district and county courts of Douglas County, Nebraska.

On March 28, 1929, a lease and option agreement was entered into by and between Edmond H. Orchard who held title to certain land with improvements thereon in Douglas County, Nebraska, and Serena E. Grabow and John J. Grabow, her husband, whereby Orchard leased the lands to Serena E. Grabow. The lease granted to Serena E. Grabow an option to purchase. A statement of the other terms of the lease is unnecessary here. These parties are some of the parties to this proceeding. Orchard was referred to as Edmond H. Orchard in the agreement. The signature is E. H. Orchard. Harriet C. Orchard is named in the agreement but her signature was not appended thereto.

So that confusion may not arise attention is called to the fact that Orchard has spelled his Christian name E-d-m-o-n-d. Other parties have spelled it E-d-m-u-n-d. For the purposes of this opinion we will spell it in all instances E-d-m-o-n-d.

It was decreed by the district court for Douglas County, Nebraska, on June 6, 1930, that the lease and option was taken for the benefit of Tena E. Glissmann

and that she was entitled to the benefits thereunder and was charged with its obligations.

As an incident of the lease and option Serena E. Grabow made a written pledge to Edmond H. Orchard of an interest in the estate of Hans C. Glissmann, deceased, to insure performance of the lease and option. Her declaration of the pledge is the following: "Whereas, said contract provides that I am to put up as additional security for the faithful performance on my part of all the terms, conditions and stipulations in said contract $5500.00, the same being a part of my interest in the estate of my deceased father, Hans C. Glissman; * * *." This declaration of the pledge and its purpose appears not to be questioned and we think it is not vulnerable to question.

The agreement which provided originally for the pledge had no relation to Edmond H. Orchard but was an agreement made in furtherance of a plan of Henry C. Glissmann to float a bond issue the purpose of which was to finance the operation of the Valley View Golf Course on the lands herein involved. That deal failed of consummation and thereafter the agreement for the pledge became a pledge available to Edmond H. Orchard in case of default under the lease and option agreement.

The pledge, to the extent that exaction was made upon it by Edmond H. Orchard, inured to the benefit of Tena E. Glissmann, that is to say, if there was a default under the lease and option agreement and Edmond H. Orchard resorted to the pledge in whole or in part for payment wherein Tena E. Glissmann had defaulted then to that extent and in that amount the obligation of Tena E. Glissmann under the lease and option agreement would be reduced.

As an incident of the lease and option transaction Henry C. Glissmann, in order to cause Serena E. Grabow to pledge $5,500 of her interest in the estate of Hans C. Glissmann, assigned to Serena E. Grabow all of his interest in the estate of Hans C. Glissmann. Henry C.

Glissmann and Serena E. Grabow are son and daughter respectively of Hans C. Glissmann and their interests in the estate were equal. The assignment is the following: "In consideration of first party so pledging her said share in said estate, and by these presents said first party hereby agrees to so pledge, second party hereby sells, assigns and sets-over unto said Serena E. Grabow, her heirs or assigns, all right title and interest in and to estate or any share therein of the late Hans C. Glissmann, which he, Henry C. Glissmann, second party herein, may now have or hereafter may accrue to him as heir or creditor of the late Hans C. Glissmann, his father now deceased. And the said second party hereby grants to first party, her heirs or assigns, full right and authority to receive, receipt for or acknowledge any or all necessary papers or matters in connection with or rights accruing in and to said share of said second party in said estate of Hans C. Glissmann, deceased, which share is by these presents assigned herein to said first party, and that said first party in the settlement of said estate or receiving of said share may do the same as seond (sic) party may have don (sic) in the premises, all of which said second party hereby acknowledges and confirms."

At some time, the exact date of which is not made clear, Henry C. Glissmann appears to have transferred his interest in the lease to Tena E. Glissmann, his wife. Also in the assignment from Henry C. Glissmann to Serena E. Grabow it is provided that the lease and option agreement obtained by Serena E. Grabow should be assigned to Tena E. Glissmann. Therefore the litigation with regard to the lease and option was carried in her name and Henry C. Glissmann, her husband. Apparently on October 15, 1928, Henry C. Glissmann assigned his interest in the estate of his father to Tena E. Glissmann. This was prior to the assignment to Serena E. Grabow, but Tena E. Glissmann joined in this one so therefore the one to Serena E. Grabow took priority

over the one to Tena E. Glissmann. It is not contended otherwise. Apparently on November 3, 1930, Tena E. Glissmann assigned this interest to Harold W. Glissmann. Harold W. Glissmann's rights were likewise inferior to those of Serena E. Grabow.

During all of the period from the date of the lease and option until shortly after January 23, 1942, Tena E. Glissmann and Henry C. Glissmann remained in possession of the property. At about this time they were dispossessed.

In March 1938 Tena E. Glissmann instituted an action in equity whereto Edmond H. Orchard and Harriet C. Orchard, his wife, Serena E. Grabow and John J. Grabow, her husband, Henry C. Glissmann, Harold W. Glissmann, and Hans Glissmann became parties. The action as originally instituted was against Edmond H. Orchard and Harriet C. Orchard as parties defendant. The other parties were brought in later.

The action as originally instituted was for an accounting of the amount due Edmond H. Orchard from Tena E. Glissmann under the lease and option agreement hereinbefore referred to.

On being brought into the case Serena E. Grabow and John J. Grabow filed an answer and cross-petition. The only matter therein contained which it is needful to mention here is that these parties sought to have the court decree that the rights of Tena E. Glissmann under the lease and option had been forfeited, to have title quieted in Edmond H. Orchard and Harriet C. Orchard, and to have the unused portion of the pledge of Serena E. Grabow to Orchard returned to her.

Edmond H. Orchard and Harriet C. Orchard filed an answer and cross-petition. In this, among other things not necessary to be mentioned here, they asked that title to the property in the lease and option be quieted in them and that the plaintiff be forever barred and foreclosed of all right, title, and interest in and to or equity of redemption in and to the premises involved;

and that the court give directions as to the remainder of the $5,500 interest of Serena E. Grabow in the estate of Hans C. Glissmann being the unused portion of the balance of her pledge.

There was a trial had of the issues made by these pleadings and decree was entered October 31, 1939.

On the trial the court took an accounting of the amount due on the lease and option and found it to be $18,299.82, and in relation thereto the court decreed as follows: "IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED By the Court that the plaintiff's indebtedness on said lease and option agreement, which is also an equitable real estate mortgage on said premises, be, and hereby is, found to be the sum of Eighteen Thousand Two Hundred Ninety-nine and 82/100 Dollars ($18,299.82), and the Court hereby determines that this is the amount which the plaintiff must pay to the defendants, Edmund H. Orchard and Harriet C. Orchard, in order to retain said premises under said equitable mortgage; that the date of redemption shall be nine months from the date of this decree." The decree in this connection further provided that on payment of the amount named, Edmond H. Orchard and Harriet C. Orchard should execute a warranty deed to the premises to Tena E. Glissmann.

As to the pledge the decree provided: "IT IS FURTHER ORDERED that said defendants, Edmund H. Orchard and Harriet C. Orchard, return to and pay to the defendants, Serena E. Grabow and John J. Grabow, any property or moneys which they are now holding as collateral security, in connection with said lease and option agreement, which have not already been paid to Serena E. Grabow and John J. Grabow."

The decree further provided: "IT IS FURTHER ORDERED that the cross-petition of Serena E. Grabow and John J. Grabow, and the cross-petition of the defendants, Edmund H. Orchard and Harriet C. Orchard, be, and they hereby are, dismissed."

From the decree in this case the defendants Orchard took an appeal to the Supreme Court. There was no cross-appeal. The case on appeal is reported as Glissmann v. Orchard, 139 Neb. 344, 297 N. W. 612. The decree was not disturbed on appeal except as to the amount required for redemption, the time for redemption, and the taxing of costs. The determining portion of the opinion in this respect is the following: "The court finds that the indebtedness on the lease and option of Orchard is in the amount stated therein, of $26,000, and that, in order to retain said premises under the theory that said lease and option are an equitable mortgage, Orchards should be paid $26,000, as provided therein. The date of redemption, fixed in the decree of the district court, having expired nine months from October 31, 1939, said redemption date is fixed at three months from the date of the mandate herein. Costs are taxed to plaintiff." The mandate was issued July 8, 1941.

Tena E. Glissmann has never paid any portion of the amount found to be due by the opinion of this court.

After the issuance of the mandate Edmond H. Orchard and Harriet C. Orchard instituted in the county court of Douglas County, Nebraska, an action in forcible entry and detainer the purpose of which was to obtain possession of and to oust Tena E. Glissmann and Henry C. Glissmann from the premises. Judgment was rendered in favor of plaintiffs in that action for possession and by authority of a writ of restitution in that case the defendants were ousted of possession on February 4, 1942. No appeal was taken from that judgment. This is the dispossession which was referred to earlier in this opinion.

On July 1, 1938, Harold W. Glissmann filed a petition in equity wherein he sought to recover by virtue of assignments the interest of Henry C. Glissmann in the estate of Hans C. Glissmann, which was the same as that assigned to Serena E. Grabow as hereinbefore set out.

He sought to recover it from parties who had it in possession and control, namely F. H. Bauermeister, Henry J. Moeller, and Happy Hollow Club, Inc., a corporation. None of these parties claimed an interest in the res. They were withholding payment because they had notice that Serena E. Grabow claimed that the interest belonged to her.

Serena E. Grabow was made a party to the action. Harold W. Glissmann sought to have her assignment declared a nullity. He also prayed for damages in the amount of $2,000 on account of the fact that she claimed this interest in the estate of Hans C. Glissmann as her own and prevented Harold W. Glissmann from obtaining it.

The three defendants first named, by answer, asked directions with regard to disposition of the interest in the estate.

Serena E. Grabow, by answer and cross-petition, claimed this interest as her own by virtue of her assignment.

A trial was had on the issues thus presented and no other issue pertinent to the inquiry here was presented for consideration and determination. These issues and no others were decided by the decree.

By the decree it was determined that Harold W. Glissmann was entitled to this interest in the estate of Hans C. Glissmann and that he was entitled to receive from F. H. Bauermeister, former trustee, Henry J. Moeller, present trustee, and Happy Hollow Club, Inc., such parts of the interest in the estate as they or either of them had in possession or under control. It was further determined that Serena E. Grabow had no interest therein by virtue of her assignment which was declared to be null and void. Title was quieted in Harold W. Glissmann. Damages were denied by the decree. F. H. Bauermeister was directed to pay to plaintiff $204.23 less $2.50 advance costs and a $25 fee for his attorney. The amounts required to be paid by Henry

J. Moeller and Happy Hollow Club, Inc., were not determined by the decree.

This is the case out of which the appeal which is now before us flows.

From the decree in the case Serena E. Grabow appealed to the Supreme Court. The case on appeal appears as Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617. An opinion was rendered therein and also a supplemental opinion. The supplemental opinion immediately follows the original opinion in the report.

The decree of the district court was by the original opinion reversed and the action dismissed. The effect of this, in the light of the observations of the opinion, was to properly dismiss the petition of Harold W. Glissmann and to improperly dismiss the cross-petition of Serena E. Grabow. This court clearly intended to deny to Harold W. Glissmann any interest in the estate of Hans C. Glissmann and to confirm this interest in Serena E. Grabow on her cross-petition. In the opinion it was said: "To now allow his son to secure the payments due on his father's share which were pledged to his aunt would violate all equitable principles."

The situation thus presented having been called to the attention of the court by motion for clarification of opinion within the time provided for filing motions for rehearing the supplemental opinion expressing the true purpose and intent of the court was adopted. The pertinent portion of this opinion is the following:

"This court had jurisdiction of the parties, and reversed the decree of the district court and dismissed the plaintiff's petition. However, our opinion, in addition thereto, should have disposed of all of the issues between the parties which were set out in the pleadings and supported by the evidence, and in following the approved practice of courts of equity this court has decided to enter this supplemental opinion, and thereby more completely adjust the rights of the parties litigant, to the

end that future litigation in regard to the same issues may be avoided.

"Therefore, in addition to the entry of the judgment heretofore rendered, and supplemental thereto, judgment is hereby entered in favor of Serena E. Grabow on her counterclaim and cross-petition against the plaintiff and defendants Henry C. Glissmann and Tena E. Glissmann for all moneys due from defendant Happy Hollow Club, Inc., or from defendant Daniel C. Cary, and representing the one-eighth interest of Henry C. Glissmann in the estate of Hans C. Glissmann, whether said moneys are in the hands of F. H. Bauermeister, former trustee, Henry J. Moeller, present trustee, or are still in the hands of Happy Hollow Club, Inc., or Daniel C. Cary; and the district court is further directed to enter judgment in favor of Serena E. Grabow and against defendants Henry C. Glissmann and Tena E. Glissmann for such sums as that court finds have been received by Henry C. Glissmann, Tena E. Glissmann and Harold W. Glissmann from and after March 28, 1929, together with interest thereon from date so received, and which said sums represent payments on the aforesaid share of Henry C. Glissmann in the estate of Hans C. Glissmann."

It will be observed from an examination of this quoted portion of the opinion (1) that the decree was reversed, (2) that plaintiff's petition was dismissed, (3) that judgment was entered against Henry C. Glissmann and Tena E. Glissmann in favor of Serena E. Grabow on her counterclaim and cross-petition for all moneys due from the Happy Hollow Club, Inc., or from defendant Daniel C. Cary, and representing the one-eighth interest of Henry C. Glissmann in the estate of Hans C. Glissmann, whether said moneys are in the hands of F. H. Bauermeister, former trustee, Henry J. Moeller, present trustee, or still in the hands of Happy Hollow Club, Inc., or Daniel C. Cary, and (4) that the district court was directed to enter judgment in favor of Serena E. Gra-

bow and against Henry C. Glissmann and Tena E. Glissmann for such sums as that court found had been received by Henry C. Glissmann, Tena E. Glissmann, and Harold W. Glissmann from and after March 28, 1929, with interest from the date of receipt, as a part of the interest of Henry C. Glissmann in the estate of Hans C. Glissmann.

The effect of this at this time is to say that Serena E. Grabow's assignment was adjudicated to be and was an absolute conveyance to her of the interest of Henry C. Glissmann in the estate of his deceased father which adjudication is final and conclusive; that Serena E. Grabow obtained a judgment for the unpaid portion of this interest which judgment is final and conclusive; and that Serena E. Grabow also obtained an adjudication that the portion of the interest paid to the three Glissmanns after March 28, 1929, belonged to her which adjudication was also conclusive and final. The opinion left nothing for later determination except the determination of the amount or amounts which had been received by the three Glissmanns and directed that judgment be rendered for this or these amounts.

With regard to the effect of an adjudication this court in Wheeler v. Brady, 126 Neb. 297, 253 N. W. 338, adopted the following from 34 C. J., Judgments, § 1154, p. 743: "Any right, fact, or matter in issue, and directly adjudicated upon, or necessarily involved in, the determination of an action before a competent court in which a judgment or decree is rendered upon the merits is conclusively settled by the judgment therein and cannot again be litigated between the parties and privies whether the claim or demand, purpose, or subject matter of the two suits is the same or not." See, also, Dutch v. Welpton, 121 Neb. 480, 237 N. W. 579; In re Estate of Gifford, 133 Neb. 331, 275 N. W. 273; Shepard v. City of Friend, 141 Neb. 866, 5 N. W. 2d 108; Hanks v. Northwestern State Bank, 143 Neb. 204, 9 N. W. 2d 175; Wightman v. City of Wayne, 144 Neb. 871, 15 N. W.

2d 78; Wightman v. City of Wayne, 148 Neb. 700, 28 N. W. 2d 575.

Notwithstanding this limited direction the district court on remand allowed the filing of new pleadings the effect of which was to allow relitigation and readjudication of all matters which had been litigated in Glissmann v. Orchard, *supra,* and the forcible entry and detainer action which has been mentioned herein and all matters which had been finally adjudicated in the action out of which this appeal flows, together with new matter certainly not germane to this action.

Following the filing of the new pleadings a master was appointed to take evidence and make findings and report to the district court. The master performed the function and made his findings and report which were presented to the court. The court rendered a decree thereon. The details of the report and of the decree are not important here. Suffice it to say that Serena E. Grabow and John J. Grabow took an appeal from the decree.

In their brief appellants urged that the court erred in not limiting the inquiry to the requirements of the mandate and further erred in approving the report of the master except to the extent of fixing dates when sums were received by the three Glissmanns from the estate of Hans C. Glissmann.

An opinion was rendered by this court and from an examination of it we are now convinced that in the opinion we were in error, not necessarily on the basis of the matters which were considered therein, but clearly because the pronouncements were made upon matters not properly before the district court or this court since there had been adjudications thereon which were final and conclusive in Glissmann v. Orchard, *supra,* Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617, and the forcible entry and detainer action, and for other reasons. We are now convinced that the contention of the appellants in the respects mentioned

should have been sustained and that in the opinion which remanded the case for further proceedings and mandate the district court should have been so informed.

As to the matter of the accounting on the lease and option agreement as between Tena E. Glissmann and Edmond Orchard that matter was finally adjudicated in Glissmann v. Orchard, *supra*. There Tena E. Glissmann asked for an accounting. That issue was tried and this court fixed the amount due thereunder at $26,000. Tena E. Glissmann never filed a motion for rehearing.

As to the right of Serena E. Grabow to the interest of Henry C. Glissmann in the estate of Hans C. Glissmann this court said in the original opinion in Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617: "To now allow his son to secure the payments due on his father's share which were pledged to his aunt would violate all equitable principles." Attention in this connection is called to the quoted portion of the supplemental opinion. No one to date has sought modification of this adjudication except as it was sought in the pleadings after remand in Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617. That matter stands adjudicated by the opinion and judgment of this court. The remarks in relation to that subject in Glissmann v. Bauermeister, 146 Neb. 197, 19 N. W. 2d 43, must be treated as not determining any rights in relation thereto but as remarks upon a subject contained in pleadings erroneously permitted to be filed by the district court and on a subject over which that court had no further jurisdiction because of previous binding adjudication thereon.

We must say therefore that Serena E. Grabow is, by valid and now conclusive judgment of this court, entitled to the entire Henry C. Glissmann interest in the estate of Hans C. Glissmann and, as provided by the original and supplemental opinions relating to this matter, to her judgment against F. H. Bauermeister, Happy Hollow Club, Inc., Daniel C. Cary, and Henry J. Moeller, and

she is entitled to her judgment against Henry C. Glissmann for such sums as Henry C. Glissmann, Tena E. Glissmann, and Harold W. Glissmann have received since March 28, 1929, with interest, and is entitled to an accounting of the amounts so received.

The Glissmanns contend that Harold C. Glissmann is entitled to have the unused portion of the pledge of Serena E. Grabow which was given as security for performance of Henry C. Glissmann and Tena E. Glissmann under the lease and option agreement set off in favor of Harold W. Glissmann against the Henry C. Glissmann interest in the estate of Hans C. Glissmann.

This contention in the first place cannot be sustained for the reason that such matter is not germane to this action.

This action in inception was a contest between Serena E. Grabow and Harold W. Glissmann to determine which of these two was entitled to the share of Henry C. Glissmann in the estate of Hans C. Glissmann. It was tried and went to final judgment on that issue. Serena E. Grabow claimed by assignment from Henry C. Glissmann approved by Tena E. Glissmann. Harold W. Glissmann claimed by assignment from Tena E. Glissmann and assignment from a judgment creditor of Henry C. Glissmann. The obligation of Serena E. Grabow on the pledge was to Edmond H. Orchard through agreement between Serena E. Grabow and Henry C. Glissmann. While it was shown that Harold W. Glissmann had an assignment of the interest of Henry C. Glissmann in the estate of Hans C. Glissmann, it is not shown that Harold W. Glissmann ever acquired any interest whatever in or flowing out of the lease and option agreement or the agreement whereby Serena E. Grabow executed her pledge. Such rights as remained, if any, belonged not to Harold W. Glissmann, but to Tena E. Glissmann and Henry C. Glissmann. This being true how can it be said that this claim of offset was germane to the proper issues in this case?

Even if it were assumed that Harold W. Glissmann succeeded to the rights of Tena E. Glissmann and Henry C. Glissmann under the lease and option agreement and the pledge agreement still there would be. no right of set-off.

Let us see just what the substance of the pledge was. It was simply this. She agreed with Edmond H. Orchard that if Tena E. Glissmann and Henry C. Glissmann did not perform under the lease and option agreement Orchard was privileged to exact out of her interest in Hans C. Glissmann's estate any amount or amounts up to $5,500 in performance. She agreed to recompense the Glissmanns for nothing. Orchard was not required by any agreement to exact anything of her and she was not required by any agreement to pay anything except on exaction by Orchard. Orchard had the right to look to the Glissmanns alone for performance and if he did so and chose not to call upon Serena E. Grabow to respond under the terms of her pledge, and if he refrained, to the extent that he refrained, the pledge was left unburdened. No rights could flow to Harold W. Glissmann or Tena E. Glissmann and Henry C. Glissmann on account of his choice in this respect. It follows that under these circumstances in no event could any of the Glissmanns have had a right of set-off of the one interest in the Hans C. Glissmann estate against the other.

By their pleadings Tena E. Glissmann and Henry C. Glissmann sought to and the district court permitted them to relitigate the questions of whether or not their interest in the lease and option agreement had been foreclosed and whether or not they had been properly ousted from possession.

Perhaps it would be well to say, for reasons already stated, these are matters not germane to the proper issues in this case, which is of a certainty true, and dismiss the matter, but in the light of the protracted litigation and with a hope that this opinion will be its

end we feel constrained to discuss these matters and their implication.

We have no question about the foreclosure. There was a foreclosure in the case of Glissmann v. Orchard, *supra*. In the cross-petition of Edmond H. Orchard therein on proper pleadings foreclosure was prayed. The contention to the contrary notwithstanding, the district court decreed foreclosure and this court sustained the decree in that respect.

The contention of the Glissmanns that there was no foreclosure is based upon a recital in the decree that the cross-petition is dismissed. Investigation of the record and other portions of the decree discloses, however, that the cross-petition was not in fact dismissed. The decree on its face discloses that the district court decreed in favor of Edmond H. Orchard, after full trial on the issue of foreclosure made by the pleadings, foreclosure of the interest of Tena E. Glissmann and Henry C. Glissmann under the lease and option agreement which lease and option agreement, in conformity with a decree of the district court, was denominated an equitable mortgage.

It is too much of a stress on technicality to expect this court to say that where a trial court on issues which were joined and where trial was had and where by decree the issues presented were specifically decided which specific decision was followed by a general statement of dismissal of the pleading presenting the issue that the specific decision in the decree amounted to a decree on issues which were not before the court, the effect of which would be to permit of collateral attack of the decree for lack of jurisdiction to render it and to permit the relitigation of the same issues in an entirely different action.

No case cited goes so far. The case of Martin v. Abbott, 1 Neb. (Unoff.) 59, 95 N. W. 356, has been cited in support of the contention but it fails to go that far.

This court holds to the theory that where the record

discloses that the litigants tried an issue as though it were joined by the pleadings, though not so joined, a decree which responds to the issues thus tried has the same binding force and effect as one which responds to pleadings. Bennett v. Baum, 90 Neb. 320, 133 N. W. 439.

Also it is the holding of this court that a prayer for general relief in an equitable action is sufficient to authorize any judgment to which the party is entitled under the pleadings and evidence adduced in support thereof. Johnson v. Radio Station WOW, on rehearing, 144 Neb. 432, 14 N. W. 2d 666; Van Steenberg v. Nelson, 147 Neb. 88, 22 N. W. 2d 414.

Under these rules, even if it be said that the recital in the decree amounted to a dismissal of the cross-petition still it would avail the Glissmanns nothing on this contention since the case wherein the lease and option agreement were foreclosed was tried by the parties on the theory of accounting, foreclosure, and redemption and decree was entered in response thereto from which the Glissmanns never appealed.

Tena E. Glissmann and Henry C. Glissmann by their new pleadings say that they have never had litigated their right of redemption from the equitable mortgage. The decree and the opinion in Glissmann v. Orchard, *supra*, show that the exact opposite of this contention is true. The decree allowed redemption and granted nine months within which to redeem. The opinion extended that period three months beyond the date of issuance of mandate. They did not redeem and their rights have long since been extinguished.

Tena E. Glissmann and Henry C. Glissmann contended in their pleadings that they have at all times been entitled to possession of the premises and that they were wrongfully ousted under the terms of the writ of restitution hereinbefore referred to. In view of the position taken with regard to foreclosure and redemption and the general view of the pleadings which the court permitted

to be filed, it appears that this matter was not only not germane, but has become moot since in the foreclosure their rights became finally adjudicated, yet, again in the interest of final disposition of this litigation, we have concluded that it would be wise to examine into the merit of the contention.

By pleading, these parties contend that they could have been properly ousted only by a writ of assistance issuing out of the district court. This position and contention are untenable.

This court has held that an action in forcible entry and detainer lies in favor of a purchaser at judicial sale to recover possession of premises purchased, when the judgment debtor was in possession at the time the judgment or decree was rendered whereunder the sale was made; that the remedies by forcible entry and detainer and by writ of assistance in the original case are concurrent; and that a court is not ousted of jurisdiction in a forcible entry and detainer case by the mere averment in that case or elsewhere that it involves the question of title, but that it has jurisdiction to proceed until the evidence discloses such fact. Green v. Morse, 57 Neb. 391, 77 N. W. 925.

The forcible entry action here was instituted after decree was rendered, after right of redemption had expired and these parties had no further interest in the premises but were in possession. Under this authority it becomes clear that Orchard was entitled to his action in forcible entry and detainer.

On the basis of the observations and conclusions of. this opinion it becomes necessary to say that the Glissmanns were entitled to none of the relief claimed by them in any of the pleadings filed by them after issuance of mandate by this court in Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617, and from that point on the only function that the district court had to perform was to take an accounting of such sums as Henry C. Glissmann, Tena E. Glissmann, and Harold W. Glissmann

had received of the Henry C. Glissmann share in the estate of Hans C. Glissmann after March 28, 1929, and render judgment therefor with interest in favor of Serena E. Grabow and against Tena E. Glissmann and Henry C. Glissmann.

This court has said: "Where on appeal findings of fact are made which become the law of the case and there is a remand for a new trial, on such retrial, such findings are binding on the parties, the trial court and this court, unless on the retrial the facts relating to the issues upon which the findings were made are materially and substantially different from those adduced on the former trial, and the burden of showing a difference shall rest upon the party making the claim." Callahan v. Prewitt, on rehearing, 143 Neb. 793, 13 N. W. 2d 660.

This rule with reference to findings of fact must be as binding where the remand is for the performance of a detail or details as if for a retrial of issues. This being true the findings of fact in Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617, and Glissmann v. Orchard, *supra,* were and are binding on all parties respectively thereto, the district court, and this court.

The application of this rule attaches as well to that portion of the opinion in Glissmann v. Bauermeister, 146 Neb. 197, 19 N. W. 2d 43, which purported to disturb the rights established by the opinions in Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617, and Glissmann v. Orchard, *supra,* that is to say that the part of the opinion in Glissmann v. Bauermeister, 146 Neb. 197, 19 N. W. 2d 43, which purports to readjudicate matters adjudicated in Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617, and Glissmann v. Orchard, *supra,* is ineffective for that purpose.

Under the well-defined principle of law that if this court attempts to render judgment on appeal from a judgment of the district court which judgment is rendered upon a subject within its general jurisdiction, but which is not brought before it by any statement or claim

of the parties and is foreign to the issues submitted for determination, such judgment is a nullity, it becomes necessary also to say that the portion of the opinion in Glissmann v. Bauermeister, 146 Neb. 197, 19 N. W. 2d 43, which purports to make a determination upon the matters presented by the supplemental pleadings or anything else except the accounting and judgment directed by the supplemental opinion in Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617, was of no force and effect. The district court was without power to deal therewith and of course this court on the appeal was restricted in the same manner as the district court. For the rule, see Drieth v. Dormer, 148 Neb. 422, 27 N. W. 2d 843.

It is therefore the conclusion of this court that all matters which have come to this court on this appeal growing out of the pleadings allowed to Tena E. Glissmann, Henry C. Glissmann, and Harold W. Glissmann and the pleadings counter thereto and all other matters except those in furtherance of the opinion in Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617, and the opinion supplementing it, should be, and the same are dismissed, which is to say that all matters are dismissed except the matter of accounting and judgment directed by that supplemental opinion.

By that supplemental opinion Serena E. Grabow was given judgment against Henry C. Glissmann and Tena E. Glissmann for all moneys due from defendant Happy Hollow Club, Inc., a corporation, or defendant Daniel C. Cary and representing the one-eighth interest of Henry C. Glissmann in the estate of Hans C. Glissmann, whether said moneys were in the hands of F. H. Bauermeister, former trustee, Henry J. Moeller, present trustee, or still in the hands of Happy Hollow Club, Inc., or Daniel C. Cary. This is a final judgment and not subject to disturbance by this court. Therefore nothing further need be said in this connection except that Serena E. Grabow is entitled to the avails of this judgment out of

the hands of those who are now in possession of those portions of the said interest of the Hans C. Glissmann estate.

This court now has the information, obtained through the original master's report, to enable it to make disposition of that portion of the interest of the Hans C. Glissmann estate whereof the district court was directed to take an accounting and to render judgment. The master made an accounting and computed interest to June 10, 1943, but the court failed to render judgment thereon. The accounting and computation are approved.

The accounting disclosed that Harold W. Glissmann received $1,324.43 and that interest thereon to June 10, 1943, was $831.37. It showed that Tena E. Glissmann received $2,322.83 and that the interest thereon was $1,828.95. This was all that was received by these three parties.

Therefore judgment is rendered in favor of Serena E. Grabow and against Tena E. Glissmann and Henry C. Glissmann for the principal sum of $3,647.26 with interest to January 9, 1948, amounting to $3,662.64, or a total of $7,309.90. This is an acceptance of the computation of interest to June 10, 1943, and a computation of interest at the rate of six percent per annum from June 10, 1943, to the date named. This judgment shall bear interest at the rate of six percent per annum from January 9, 1948.

To the extent indicated in the opinion, therefore, the decree of the district court is reversed, to the extent indicated it is affirmed, and on the subject matter indicated judgment is rendered herein.

REVERSED IN PART,
AFFIRMED IN PART,
JUDGMENT RENDERED HEREIN.

MESSMORE, J., dissenting.

I respectfully dissent from that part of the majority opinion which holds the opinion in Glissmann v. Bauermeister, 146 Neb. 197, 19 N. W. 2d 43, to be a nullity and

of no force and effect insofar as such opinion purports to make a determination upon the matters presented by supplemental pleadings or anything else except the accounting and judgment directed by the supplemental opinion in Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617.

The majority opinion recites the district court was without power to deal therewith and of course this court, on the appeal, was restricted in the same manner as the district court, citing Drieth v. Dormer, 148 Neb. 422, 27 N. W. 2d 843.

The writer has no quarrel with the rule in the cited case when it applies. However, as will be shown later, the principle is not applicable to Glissmann v. Bauermeister, 146 Neb. 197, 19 N. W. 2d 43.

As stated in the majority opinion, detailed history of the litigation appears in Glissmann v. Bauermeister, 146 Neb. 197, 19 N. W. 2d 43, and it is deemed unnecessary to again set it out. Reference will be made to the facts as occasion requires. Likewise, reference will be made to the cases of Glissmann v. Orchard, 139 Neb. 344, 297 N. W. 612, and more especially to the case of Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617, on rehearing 139 Neb. 362, 299 N. W. 225, from which this appeal originates.

There is no question but that in the case of Glissmann v. Orchard, *supra*, which was an action in equity brought by Tena E. Glissmann v. Edmond H. Orchard and his wife, defendants, for a declaratory judgment to settle the amount of her indebtedness under a lease and option agreement, this court entered judgment finding that the indebtedness on the lease and option of Orchard was in the amount stated, $26,000, and that in order to retain said premises under the theory that said lease and option were an equitable mortgage, Orchard should be paid $26,000, as provided therein. The date of redemption, fixed in the decree of the district court, having expired nine months from October

31, 1939, said redemption date was fixed at three months from the date of the mandate therein. No motion for rehearing was filed.

It is true that Tena E. Glissmann having the right to redeem failed to do so. This court, in Glissmann v. Bauermeister, 146 Neb. 197, 19 N. W. 2d 43, called attention to the fact that she had not redeemed. There was no attempt to relitigate this phase of the case for the reason that Glissmann v. Orchard, *supra*, adjudicated the matter. There was, as stated in the majority opinion, a proper foreclosure of the mortgage. Likewise, in Glissmann v. Bauermeister, 146 Neb. 197, 19 N. W. .2d 43, it is recognized that the Glissmanns had parted with possession of the premises under date of March 1, 1942. There was no attempt to relitigate this phase of the case in Glissmann v. Bauermeister, 146 Neb. 197, 19 N. W. 2d 43. This matter had been terminated in the county court, as disclosed by the record, from which no appeal was taken, and the judgment was final. And, as stated in the majority opinion, any contention to the contrary would be untenable.

In the case of Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617, this action in equity was brought by Harold W. Glissmann. His mother assigned to him the interest she received from her husband in his father's estate. This action was predicated by him against his aunt on this assignment. Other defendants were also brought into the action, the purpose being to obtain certain money held by the Happy Hollow Club, Inc., and trustees thereof, payment of which to plaintiff was refused because Serena E. Grabow had served notice that her interests in said fund were prior and superior to the interests of the plaintiff. The plaintiff asked for $2,000 damages.

Briefly referring to the factual situation as developed in this litigation, it is true, Serena E. Grabow pledged $5,500 of her share in her father's (Hans C. Glissmann) estate to Edmond H. Orchard in connection with the

lease and option agreement here involved. By exhibit No. 33 appearing in the record in this litigation and as set out in Glissmann v. Orchard, *supra,* Henry C. Glissmann is purported to have sold and assigned to Serena E. Grabow and her heirs, all his right, title, and interest in his father's estate. This court held that to allow Harold W. Glissmann, the son of Henry C. Glissmann, to secure the payments due on his father's share in the Hans C. Glissmann estate which was pledged to his aunt, Serena E. Grabow, would violate all equitable principles and in Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617, referring to exhibit No. 33 heretofore mentioned, this court stated as follows: "By exhibit No. 33, entered into by the two parties, Serena E. Grabow and Henry C. Glissmann, he pledged to her all his rights and share in the estate of his father if she would enter into the contract with Orchard, which she has been compelled to carry out by Orchard, * * *." The court reversed and dismissed the decree of the district court, which means that Harold W. Glissmann had no cause of action and his rights were inferior to those of Serena E. Grabow.

As stated in the majority opinion, just prior to the date of expiration for motion for rehearing, Serena E. Grabow and other appellants filed a motion to clarify the court's opinion. This court in response thereto held that having obtained jurisdiction in equity of a cause for any purpose it will retain it for all, and will proceed to a final determination of the case, and adjudicate all matters in issue, and thus avoid unnecessary litigation. See Buchanan v. Griggs, 20 Neb. 165, 29 N. W. 297.

This court then entered an additional judgment which appears in the supplemental opinion, 139 Neb. 362, 299 N. W. 225, as follows: "judgment is hereby entered in favor of Serena E. Grabow on her counterclaim and cross-petition against the plaintiff and defendants Henry C. Glissmann and Tena E. Glissmann for all moneys due

from defendant Happy Hollow Club, Inc., or from defendant Daniel C. Cary, and representing the one-eighth interest of Henry C. Glissmann in the estate of Hans C. Glissmann, whether said moneys are in the hands of F. H. Bauermeister, former trustee, Henry J. Moeller, present trustee, or are still in the hands of Happy Hollow Club, Inc., or Daniel C. Cary; and the district court is further directed to enter judgment in favor of Serena E. Grabow and against defendants Henry C. Glissmann and Tena E. Glissmann for such sums as that court finds have been received by Henry C. Glissmann, Tena E. Glissmann and Harold W. Glissmann from and after March 28, 1929, together with interest thereon from date so received, and which said sums represent payments on the aforesaid share of Henry C. Glissmann in the estate of Hans C. Glissmann."

The majority opinion holds that Henry C. Glissmann assigned to Serena E. Grabow all of his right, title, and interest in his father's estate which is an absolute conveyance to her of such interest, and constitutes a complete, final and conclusive adjudication.

A mandate was entered by this court on October 6, 1941, and Serena E. Grabow filed a motion for judgment on the mandate. The district court did not enter judgment on the mandate in conformity with the motion, instead it permitted the filing of further pleadings for and in behalf of the parties at interest; appointed a master commissioner who held a hearing, took further evidence, and made findings from which it entered a judgment different from the judgment directed by this court as set forth in the mandate, which resulted in an appeal by Serena E. Grabow to this court, Glissmann v. Bauermeister, 146 Neb. 197, 19 N. W. 2d 43. This court, after a recitation of the facts, made the following observation as constituting the crux of the appeal before the court: "We set forth only that part of the subsequent proceedings to the filing of the motion for judgment on the mandate as may be pertinent to a determina-

tion of this appeal." We then set forth the evidence before the master commissioner with reference to the accounting which we deem unnecessary to restate, however we make reference to the opinion, pages 201, 202, where the evidence may be found.

In this connection we cited State ex rel. Johnson v. Hash, 145 Neb. 405, 16 N. W. 2d 734, wherein this court held: "Where a mandate of the Supreme Court makes the opinion of the court a part thereof by reference, the opinion should be examined in conjunction with the mandate to determine the nature and terms of the judgment to be entered or the action to be taken thereon."

In Glissmann v. Bauermeister, 146 Neb. 197, 19 N. W. 2d 43, we said: "In the opinion in State ex rel. Johnson v. Hash, *supra*, it is said: 'It will be noted that the mandate makes the opinion of the court a part thereof by reference. Under such circumstances, the opinion of the court can properly be examined in determining the nature and terms of the judgment to be entered or action to be taken. This seems to be the rule when the opinion is made a part of the mandate * * *.' See cases cited therein."

As we held in Glissmann v. Bauermeister, 146 Neb. 197, 19 N. W. 2d 43, in view of the foregoing: "Where the action to be taken * * * necessitates the taking of additional evidence to ascertain the status of the amounts due from an estate to parties who have pledged their interest therein, the lower court may proceed, if desirable, to appoint a master to take evidence, make findings therefrom, from which the court may enter a proper judgment to conform to the original opinion attached to and made a part of the mandate by reference."

" 'Where the mandate is ambiguous or uncertain the lower court may apply the usual rules of interpretation in its construction and may examine the opinion of the appellate court to ascertain the true intent and purpose of the mandate.' 5 C. J. S., sec. 1963, p. 1494." Glissmann v. Bauermeister, 146 Neb. 197, 19 N. W. 2d 43.

The opinion and the supplemental opinion in the case of Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617, were attached to and made a part of the mandate. The district court, considering the opinion and supplemental opinion attached to the mandate and in accordance with the authorities on the subject, found that by exhibit No. 33, the contract set out in the opinion entered into by both parties, Serena E. Grabow and Henry C. Glissmann, he pledged to her all of his right and share in the estate of his father if she would enter into the contract with Edmond H. Orchard.

This court said, in Glissmann v. Bauermeister, 146 Neb. 197, 19 N. W. 2d 43: "The debt or liability secured by Henry C. Glissmann's pledge is the liability of Serena E. Grabow to Edmond H. Orchard on a lease option agreement, and when the extent of that liability has been determined in dollars and cents and Serena E. Grabow has been restored her security pledged to Edmond H. Orchard intact or with any diminution made good by Henry C. Glissmann and his assigns, Henry C. Glissmann or his assigns are entitled to a return of such of the remaining part constituting his interest in his father's estate held in accordance with his pledge." This was necessary, because it is apparent from a careful reading of the opinion in Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617, and the supplemental opinion appearing at 139 Neb. 362, 299 N. W. 225, that an ambiguity exists between the opinion and the supplemental opinion. It is apparent from the opinion, 139 Neb. 354, 297 N. W. 617, that this court did not find that Serena E. Grabow should receive both shares, but that each party had pledged his or her share in their father's estate.

We refer again to the language appearing in Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617: "To now allow his son to secure the payments due on his father's share which were pledged to his aunt would violate all equitable principles." And the further lan-

guage: "By exhibit No. 33, entered into by the two parties, Serena E. Grabow and Henry C. Glissmann, he pledged to her all his rights and share in the estate of his father if she would enter into the contract with Orchard, which she has been compelled to carry out by Orchard, * * *."

The foregoing language is explicit and definite, and constitutes the holding of this court that Henry C. Glissmann pledged to Serena E. Grabow his interest in his father's estate. We have set forth the law that applies under such circumstances.

In the opinion in Glissmann v. Bauermeister, 146 Neb. 197, 19 N. W. 2d 43, we remanded the case for further proceedings, as follows: "We conclude that any money up to the amount that Serena E. Grabow is entitled to receive as her share of her father's estate and now in her hands should be credited to her; that any remaining liability chargeable to Serena E. Grabow by Edmond H. Orchard by reason of the lease option agreement be finally determined, and such amount as the court may find be paid from the share of Henry C. Glissmann and his assigns that they have in the estate of Hans Glissmann, and the remaining pledged property, if any, under the control of Edmond H. Orchard be released by him; that Henry C. Glissmann and his assigns pay all costs in the district court and in the supreme court, including the fees awarded the master and the attorney for Serena E. Grabow in the district court. Any moneys thereafter remaining in the hands and under the control of Serena E. Grabow, the trustees, or the court, constituting the share of Henry C. Glissmann and his assigns in the Hans Glissmann estate, should be paid to Henry C. Glissmann or his assigns as the court may order."

It will be observed that the remand was in accordance with the pledge of Henry C. Glissmann in his father's estate to Serena E. Grabow and the pledge of Serena E. Grabow to Edmond H. Orchard. By the majority

opinion we are now relitigating the subject matter contained in Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617, changing the holding therein where we determined a pledge existed, which is a final adjudication, to a holding now that there was an absolute assignment by Henry C. Glissmann to Serena E. Grabow of his interest in his father's estate. I submit that that is not what this court said in the original opinion in Glissmann v. Bauermeister, 139 Neb. 354, 297 N. W. 617.

The writer can well agree that there should be an end to litigation, and there has been an end to this litigation as pointed out in Glissmann v. Bauermeister, 146 Neb. 197, 19 N. W. 2d 43, and the remand pointed out specifically the manner in which the litigation should terminate. There is no occasion to endeavor to relitigate matters in the manner and form as determined in the majority opinion, and I am not in accord with this type of procedure.

WENKE, J., and KROGER, District Judge, join in this dissent.