STATE OF NEBRASKA, APPELLEE, V.
KAMIL H. AL-ZUBAIDY, APPELLANT.
602 N.W. 2d 8

Filed October 22, 1999.    No. S-98-901.

Dennis R. Keefe, Lancaster County Public Defender, and Michael D. Gooch for appellant.

Don Stenberg, Attorney General, and Kimberly A. Klein for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.
## PROCEDURAL BACKGROUND
In November 1995, pursuant to a jury verdict, Kamil H. Al-Zubaidy was convicted of attempted first degree murder (count I), second degree assault (count III), and two counts of use of a weapon in the commission of those felonies (counts II and IV). Al-Zubaidy appealed his convictions to the Nebraska Court of Appeals, claiming that the district court erred in not instructing the jury that the offense of attempted murder in the second degree was a lesser-included offense of attempted murder in the first degree and in failing to allow extrinsic evidence to impeach Seana Brown, a witness at Al-Zubaidy's first trial. A detailed description of the facts leading to Al-Zubaidy's initial convictions may be found in *State v. Al-Zubaidy*, 5 Neb. App. 327, 559 N.W.2d 774 (1997), *rev'd* 253 Neb. 357, 570 N.W.2d 713.

The Court of Appeals concluded that although attempted murder in the second degree is a lesser-included offense of attempted murder in the first degree, the evidence presented at Al-Zubaidy's trial did not warrant such an instruction. See *id.* The Court of Appeals also affirmed the exclusion of extrinsic evidence offered to impeach Seana Brown, and Al-Zubaidy's convictions were affirmed on all four counts. *Id.*

Al-Zubaidy petitioned this court for further review, asserting that the Court of Appeals erred by not reversing the attempted first degree murder conviction (count I) and the accompanying use of a weapon conviction (count II), due to the district court's failure to instruct the jury on the lesser-included offense of attempted second degree murder, and in concluding that there

was no evidence presented which required such an instruction. We granted further review on this issue and reversed Al-Zubaidy's convictions for attempted murder in the first degree and use of a weapon in the commission thereof on the ground that the district court had erroneously failed to instruct the jury on the lesser-included offense of attempted murder in the second degree, and remanded the cause for a new trial. *State v. Al-Zubaidy*, 253 Neb. 357, 570 N.W.2d 713 (1997) (*Al-Zubaidy I*).

The Court of Appeals' opinion, dated January 14, 1997, had affirmed Al-Zubaidy's convictions for the second degree assault of Seana Brown (count II) and the related charge of use of a weapon to commit the assault (count IV). On further review, Al-Zubaidy did not assign any error to the Court of Appeals regarding the affirmance of the assault and related use of a weapon convictions, and our November 21, 1997, opinion dealt solely with Al-Zubaidy's convictions for attempted murder in the first degree (count I) and the related use of a weapon charge (count II). See *Al-Zubaidy I*.

After analyzing the attempted-murder instruction issue, the concluding paragraph in *Al-Zubaidy I* stated:

We hold, in accord with *State v. Williams*, 243 Neb. 959, 503 N.W.2d 561 (1993), that attempted second degree murder is a lesser-included offense of attempted first degree murder. We disagree, however, with the Court of Appeals, which affirmed the trial court's failure to instruct the jury as to the lesser-included charge of attempted second degree murder. The trial court should have so instructed, and its failure to do so was prejudicial error. We, therefore, reverse, and remand for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.

*Al-Zubaidy I*, 253 Neb. at 365, 570 N.W.2d at 718.

On January 21, 1998, the clerk of this court issued a mandate to the Court of Appeals stating, in pertinent part:

[T]he judgment which you rendered has been reversed and remanded for a new trial by the Supreme Court.

NOW, THEREFORE, you shall, without delay, proceed to issue a mandate to the trial tribunal directing it to enter

judgment *in conformity with the judgment and opinion of this court.*
(Emphasis supplied.)

Accordingly, on the same date, the Court of Appeals issued a mandate to the district court stating, in pertinent part: "[T]he judgment which you rendered has been reversed and remanded for a new trial by the Supreme Court. NOW, THEREFORE, you shall, without delay, proceed to enter judgment *in conformity with the judgment and opinion of the Supreme Court.*" (Emphasis supplied.)

Thereafter, on remand to the district court, during pretrial proceedings and upon oral motion of the State, the district court was asked to limit the retrial to counts I and II of the original information. It was the position of the State that the substance of the *Al-Zubaidy I* opinion revealed that only the convictions for attempted first degree murder and, of necessity, the accompanying weapons offense were reversed by this court and that the convictions for second degree assault and its accompanying weapons offense that had been affirmed by the Court of Appeals remained as valid judgments. Al-Zubaidy asserted that the mandate to the district court said that "the judgment which [the district court] rendered has been reversed and remanded for a new trial" and that the district court had no authority other than to retry all four counts of the original information.

The district court reviewed the charges in the original information and the opinions of both the Court of Appeals and this court in *Al-Zubaidy I*, and entered an order on July 7, 1998, that Al-Zubaidy's retrial would be limited to counts I and II of the original information. As a part of the same order, the district court found that Al-Zubaidy stood convicted of the original second degree assault charge (count III) and the accompanying use of a weapon charge (count IV).

On July 9, 1998, Al-Zubaidy entered into a plea agreement whereby count I was amended to first degree assault of victim Ann Brown and count II was dismissed in exchange for a plea of no contest to the first degree assault charge. Al-Zubaidy entered a plea of no contest, and the district court convicted him of first degree assault and sentenced him to a term of not less than 10 years' nor more than 10 years' imprisonment to be

served consecutively to any sentence that Al-Zubaidy was serving. As part of the plea agreement, neither party waived any rights that they had with regard to whether counts III and IV remained valid convictions.

On July 28, 1998, Al-Zubaidy filed a motion to discharge with respect to the charges of assault in the second degree and use of a weapon to commit the assault (counts III and IV) on the ground that these counts had been reversed and remanded for a new trial by the concluding paragraph in *Al-Zubaidy I* and the mandate issued by this court. Al-Zubaidy's motion was based on his contention that since the prosecution failed to pursue a trial on these charges within the 6-month statutory time limit, he was entitled to an absolute discharge thereon. See Neb. Rev. Stat. § 29-1208 (Reissue 1995).

Based on the same reasoning from the July 7, 1998, order, the district court found that Al-Zubaidy stood convicted of counts III and IV and denied his motion to discharge. It is from this order that Al-Zubaidy appeals.

## ASSIGNMENTS OF ERROR

Al-Zubaidy assigns, consolidated and restated, that the district court erred in finding (1) that it had the authority to interpret the mandate issued by this court as affirming his convictions as to counts III and IV and (2) that Al-Zubaidy should not be discharged from counts III and IV on speedy trial grounds. Al-Zubaidy further asserts that the State waived any objection it may have had to the mandate as written in *Al-Zubaidy I.*

## SCOPE OF REVIEW

In construing a mandate, or in determining what was decided by an appellate court, the opinion of the appellate court should be examined when the mandate states that judgment should be entered in conformity with the judgment and opinion of the appellate court. See *State ex rel. Johnson v. Hash,* 145 Neb. 405, 16 N.W.2d 734 (1944). Ordinarily, a trial court's determination as to whether charges should be dismissed on speedy trial grounds is a factual question which will be affirmed on appeal unless clearly erroneous. *State v. Ward, ante* p. 377, 597 N.W.2d 614 (1999). However, the construction of a mandate

issued by this court presents a question of law on which we are obligated to reach a conclusion independent of the determination reached by the court below. See *Fuchs v. Parsons Constr. Co.*, 172 Neb. 719, 111 N.W.2d 727 (1961).

## ANALYSIS

Al-Zubaidy first claims that the district court erred in interpreting the mandate issued by this court in *Al-Zubaidy I* as affirming the assault charge and the use of a weapon to commit the assault charge (counts III and IV). Al-Zubaidy asserts that, regardless of the substance of the Court of Appeals' opinion or our opinion in *Al-Zubaidy I*, the mandate to the district court says that "the judgment which [the district court] rendered has been reversed and remanded for a new trial" and that the district court has no authority other than to retry all four counts in the instant case. That, quite simply, is not the law.

We have long held that any mandate of this court should be construed in connection with the opinion of the court when the mandate states that judgment should be entered in conformity with the judgment and opinion of the court. See, *Fuchs v. Parsons Constr. Co., supra; State ex rel. Johnson v. Hash, supra; Elliott v. Gooch Feed Mill Co.*, 147 Neb. 612, 24 N.W.2d 561 (1946). Quite logically, when we grant a petition for further review, the opinions of both the Court of Appeals and the Supreme Court are to be considered, when necessary, to construe the nature and terms of the judgment as issued in the operative mandate to the lower court. This is so whether or not copies of the opinions are attached to the mandate so long as the opinions appear in the published reports. See *Fuchs v. Parsons Constr. Co., supra.* The reasoning behind the rule is clear: The law is not to be practiced in a vacuum.

Al-Zubaidy argues that because the operative mandate does not state that this judgment was reversed and the cause remanded as to counts I and II only, all four counts must be retried. Al-Zubaidy cites to cases which stand for the proposition that once a cause is remanded from an appellate court with specific directions, the court to which the mandate is directed has no power to do anything but to obey the mandate. Furthermore, Al-Zubaidy points out that no judgment or order

different from, or in addition to, that directed by the appellate court can have any effect, even though it may be such as the appellate court ought to have directed. While these propositions are not inaccurate, they are inapposite to the case at bar.

Without belaboring the facts as set forth above, we briefly restate that Al-Zubaidy had been convicted of attempted first degree murder, second degree assault, and two counts of use of a weapon in the commission of those felonies. Thereafter, Al-Zubaidy appealed his convictions to the Court of Appeals, and the Court of Appeals affirmed his convictions on all four counts. Al-Zubaidy then petitioned this court for further review, asserting that the Court of Appeals erred by not reversing the attempted first degree murder conviction, and the accompanying use of a weapon conviction, due to the district court's failure to instruct the jury on the lesser-included offense of attempted second degree murder, and in concluding that there was no evidence presented which required such an instruction. We granted further review on this issue and reversed Al-Zubaidy's convictions for attempted murder in the first degree and use of a weapon in the commission thereof on the ground that the district court had erroneously failed to instruct the jury on the lesser-included offense of attempted murder in the second degree. *Al-Zubaidy I.*

While our concluding paragraph in *Al-Zubaidy I* could have been clearer in its instructions on remand to the lower court, the substance of the relief requested by Al-Zubaidy and the substance of the relief granted are crystal clear when the opinions of the Court of Appeals and this court are examined in conjunction with the mandate issued to the district court. On further review, Al-Zubaidy requested reversal on counts I and II, and that was the judgment entered by this court in *Al-Zubaidy I*. In spite of the clear language of the opinion, Al-Zubaidy argues that all four counts were before this court and thus considered in the opinion, because we could have potentially invoked the plain error doctrine as to any of the four counts. Al-Zubaidy ignores, however, the principle that consideration of plain error occurs at the discretion of an appellate court, and a party who fails to properly assign an error on further review does so at its peril. *State v. Woods*, 255 Neb. 755, 587 N.W.2d 122 (1998). We

have made it clear that absent plain error, our review on a petition for further review is restricted to matters assigned and argued in the briefs. See *id.* Al-Zubaidy's convictions on counts III and IV had been affirmed by the Court of Appeals, and these convictions were neither considered nor reversed in our opinion. *Al-Zubaidy I.*

Our mandate to the Court of Appeals and the mandate of the Court of Appeals to the district court directed the lower court to "enter judgment *in conformity with the judgment and opinion of the Supreme Court.*" (Emphasis supplied.) See *State ex rel. Johnson v. Hash*, 145 Neb. 405, 16 N.W.2d 734 (1944). The district court, after reviewing the opinions of both the Court of Appeals and this court in *Al-Zubaidy I*, determined that there was nothing to "interpret" from the mandate and ordered that Al-Zubaidy's retrial would be limited to counts I and II of the original information. Upon independent consideration, we conclude that the district court was correct in this determination as a matter of law. We further conclude that the district court correctly determined that Al-Zubaidy stood convicted of the original second degree assault charge (count III) and the accompanying use of a weapon charge (count IV).

Therefore, the district court did not err when it denied Al-Zubaidy's motion to discharge counts III and IV on speedy trial grounds. Al-Zubaidy's original convictions and sentences stand with regard to the second degree assault charge (count III) and the accompanying use of a weapon charge (count IV). We need not consider any other assigned error.

## CONCLUSION

Because the district court correctly denied Al-Zubaidy's motion to discharge with respect to counts III and IV of the instant cause, we affirm the judgment of the district court.

AFFIRMED.